760 P.2d 556

**STATE of Arizona, Appellant,**

v.

**Johnie Page TARKINGTON, Appellee.**

**No. 1 CA–CR 11433.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 19, 1988.

Reconsideration Denied April 5, 1988.

Review Denied Sept. 14, 1988.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for appellant.

Stephen M.R. Rempe, (Interim) Public Defender by John W. Rood, III, Deputy Public Defender, Phoenix, for appellee.

## OPINION

### KLEINSCHMIDT, Judge.

The state appeals the trial court's order dismissing a driving while intoxicated prosecution based on a violation of Rule 8, Arizona Rules of Criminal Procedure, and *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). The trial court's dismissal is based upon its interpretation of Rule 8.4(a), Arizona Rules of Criminal Procedure (hereinafter "Rule 8"), that unless a defendant's absence or inability to be arrested is willful or intentional, no time is excluded in finding a Rule 8 violation. We reverse.

### CHRONOLOGY

Appellee Johnie Page Tarkington was indicted by the Maricopa County Grand Jury for driving while intoxicated and driving with a blood-alcohol level of 0.10 percent or more, while his license was suspended, canceled, revoked or refused, class 5 felonies. The offenses occurred on September 26, 1986. The indictment and summons issued December 2, 1986. Apparently, service of the summons was never perfected and on January 12, 1987, a warrant issued for appellee's arrest. On March 6, 1987, in Mohave County, appellee was arrested. Maricopa County officials were notified and on March 11, 1987, appellee was arrested on the Maricopa County warrant. He was arraigned on March 19, 1987, and the pretrial conference was set for April 14, 1987; trial was set for May 5, 1987. This trial date was ostensibly outside the 150-day requirement of Rule 8.2 and *Hinson*, and the prosecutor timely filed a "motion to determine last day." The motion requested that certain time periods be excluded from the Rule 8 computation. No written response was filed to this motion and at the pretrial conference, the trial court found no time excludable and dismissed the charges. The state timely appealed and we have jurisdiction. A.R.S. § 13-4032(1).

### MOTION TO DETERMINE LAST DAY

This motion requested the court to exclude 90 days from the Rule 8 calculation, contending this delay was occasioned by appellee. It was alleged that a sheriff's deputy attempted to serve the summons at an address provided by appellee but discovered no such address, 6524 North Black Canyon, existed. Service was then attempted at 6324 North Black Canyon without success. It was further alleged that after discovery of a "failure to appear" warrant for appellee's arrest from Apache Junction City Court on an unrelated matter, an officer went to the address listed on the warrant, 5606 West Golden Lane, Glendale, Arizona. The officer spoke with a Mrs. Della Hunt, who said appellee was a relative of her ex-husband but did not live at the address. She indicated appellee was living somewhere in New Mexico but had "nothing specific." As noted, appellee did not file a written response but at the pretrial conference, his attorney stated to the court, "I have spoken to Mr. Tarkington this morning, he will avow to the court he could have been served here locally ..." The trial court then dismissed the case:

THE COURT: Okay. I have reviewed all of the circumstances in the calendar time set forth in the state's motion to determine last day, I have also reviewed the specific language set forth in the *Hinson v. Coulter,* not to mention the language in Rule 8.4(a) regarding excluded time periods.

I have made a determination in this particular case that after Mr. Tarkington was released from custody and his matter was submitted for the grand jury indictment, that there was no duty on his part and no way of knowing the manner in which the indictment was going to be filed.

He had no obligation to notify the court as to any specific address where a summons could reach him, nor was he under any particular duty to be aware that a warrant was outstanding for his arrest.

I have determined that the language in Rule 8.4 relating to excluded time periods due to a defendant's absence or incompetence or his inability to be arrested or taken into custody in Arizona *presupposes, in my mind some type of knowledge, some type of intent, some type of deliberate behavior which is not shown under present circumstances.*

Therefore, under the specific ruling of *Hinson v. Coulter,* it is ordered at this time designating the last day in this matter as February 23, 1987. For that reason the last day has expired. (Emphasis added.)

The state challenges the trial court's finding that a defendant must knowingly or intentionally avoid arrest before any delay will be excluded under Rule 8.4(a). Citing *State v. Quinonez,* 119 Ariz. 208, 580 P.2d 346 (1978), the state contends the trial court should have excluded the period from December 5, 1986, to March 5, 1987, because of appellee's "absence" or "inability to be arrested." *See* Rule 8.4(a). Appellee responds the state did not present any evidence to the trial court and therefore the record, or lack of it, precludes meaningful review by this court. He cites *State v. Grounds,* 128 Ariz. 14, 623 P.2d 803 (1981) and *State v. Fimbres,* 152 Ariz. 440, 733

P.2d 637 (App.1986). Furthermore, he argues, *Hinson* is a valid basis for dismissal. The state waited 67 days to indict him. He concludes this delay is unacceptable under *Hinson* and this court should affirm the order of dismissal. We disagree.

## THE PRESENT RECORD

Appellee is mistaken about the sufficiency of the record before this court. In *Fimbres,* relied on by appellee, the trial court granted a defense motion to suppress evidence without benefit of any evidentiary material. In vacating the order, the appellate court relied on Rule 16.2(b), Arizona Rules of Criminal Procedure, which directs that a prosecutor's burden on a motion to suppress physical evidence arises only after the defendant has come forward *"with evidence* of specific circumstances" which establish that evidence should be suppressed. (Emphasis added.)

> The difference in the application of the rule [16.2(b)] to statements as contrasted with physical evidence is straightforward. It exists because of the presumption that the statements are involuntary. No such presumption exists with reference to the search and seizure of physical evidence.

*Fimbres,* 152 Ariz. at 442, 733 P.2d at 639. In *Grounds,* also relied on by appellee, the supreme court held the trial court abused its discretion in ordering the state to reveal an informant's name and address absent presentation of evidence to support a claim of disclosure:

> In order to overcome the public policy protecting the government's privilege against disclosing the identity of a confidential informant, the burden is on the defendant to establish that the informant could testify on the merits of the case. (Cites omitted.)

*Grounds,* 128 Ariz. at 15, 623 P.2d at 804. Both *Fimbres* and *Grounds* were decided based on court rules or constitutional principles allocating the burden of proof.

■ Here, there is no requirement by rule or statute that an evidentiary hearing be conducted when a speedy trial question

arises. The prosecutor filed a motion alleging facts which were not contested and therefore could be considered by the trial court in its ruling on the motion. This was sufficient. *See State v. Superior Court,* 111 Ariz. 335, 338, 529 P.2d 686, 689 (1974). The record on appeal includes arrest warrant information sheets, release questionnaires and the findings and conclusions of the trial court; all properly before this court for review.

### TRIAL COURT'S INTERPRETATION OF RULE 8.4(a)

■ Rule 8.4(a) states in part:

Rule 8.4. Excluded Periods

The following periods shall be excluded from the computation of the time limits set forth in Rules 8.2 and 8.3:

(a) Delays occasioned by or on behalf of the defendant, including, but not limited to, delays caused by ... the defendant's absence or incompetence, or his inability to be arrested or taken into custody in Arizona.

The comment to the rule states:

Rule 8.4(a). Section (a) states that delays occasioned by the defendant, or on his behalf, such as hospitalization for mental treatment are to be excluded. The rule is in accordance with Arizona case law which holds that a defendant who deliberately stalls the proceeding cannot thereafter claim his right to a speedy trial. *State v. Bowman,* 105 Ariz. 307, 464 P.2d 330 (1970). It broadens that holding in that any delay occasioned by the defendant, *whether intentional or not,* is to be excluded from the computation. *Thus, if delay occurs because the defendant is absent from the jurisdiction, even though his absence is not willful, e.g., if he does not know that charges have been brought against him, the period of delay is to be excluded.* (Emphasis added.)

Our supreme court's interpretation of Rule 8.4(a) is consistent with the comment.

The Comment to Rule 8.4(a) notes that the defendant's inability to be arrested or taken into custody in Arizona *does not depend on a willful absence to avoid prosecution.* The example used there is the situation where the defendant does not know that charges are pending in Arizona. Here, the defendant also was not willfully absenting himself from the jurisdiction since he was in the custody of federal authorities. Rule 8.4(a) therefore applies to the case and the 30 days should be excluded time.

*State v. Quinonez,* 119 Ariz. 208, 210, 580 P.2d 346, 348 (1978) (emphasis added). *Accord State v. Johnson,* 113 Ariz. 506, 510, 557 P.2d 1063, 1067 (1976).

Again, in *State v. Knapp,* 123 Ariz. 402, 599 P.2d 855 (App.1979), the court noted that the "intentional or not" language in the comment to Rule 8.4(a) means knowledge or willfulness is not a factor in excluding delay from a Rule 8 computation. The exclusion is automatic regardless of defendant's state of mind. In *Knapp,* the period of time the defendant was absent from the state was thus excluded.

Finally, the comment to Rule 8.4 indicates the rule was patterned after the American Bar Association's standard relating to speedy trial, which reads:

The following periods should be excluded in computing the time for trial:

. . . .

(e) the period of delay resulting from the absence or unavailability of the defendant. A defendant should be considered absent whenever his or her whereabouts are unknown and in addition the defendant is attempting to avoid apprehension or prosecution or his or her whereabouts cannot be determined by due diligence. A defendant should be considered unavailable whenever the defendant's whereabouts are known but his or her presence for trial cannot be obtained or whenever the defendant resists being returned to the state for trial; . . . .

*Standards for Criminal Justice,* Standard 12–2.3(e).

The comment to the standard states:

By virtue of the second sentence of this paragraph, when the defendant's whereabouts are unknown, the time is tolled if *either* the defendant is attempting to

avoid apprehension or prosecution *or* due diligence was employed in an attempt to find the defendant. Thus, it is not deemed necessary that the defendant attempt to avoid arrest or prosecution for the speedy trial provision to be tolled; *the granting of additional time is not based on the fault of the defendant, but on the fact that the defendant cannot be found.*

*Standards for Criminal Justice,* Standard 12–2.3(e) commentary at 12.31 (emphasis added).

Similarly, the model penal code statute of limitations tolling provision was changed so as not to require a "purpose [by the defendant] to avoid detection, apprehension or prosecution" to interrupt the period of limitation during a defendant's absence. *Model Penal Code* § 1.06, Comment 5(a) (1985).

Therefore, it was an abuse of discretion for the trial court to find the delay nonexcludable because appellee was not willfully absent or could not be arrested.

### 67–DAY DELAY

The 67–day period from arrest to indictment does not offend *Hinson,* as argued by appellee. "[T]he rule adopted by the supreme court [in *Hinson* ] is not that trial must actually commence within 150 days of the defendant's arrest, but rather that the state must be prepared to try the case within that period." *Shepherd v. State,* 155 Ariz. 394, 396, 746 P.2d 1324, 1326 (Ariz.App.1987). Here, the state's action in procuring an indictment 67 days after the incident did not preclude or hinder the state from preparing the case for trial within 150 nonexcludable days. Therefore, the fact 67 days expired prior to the indictment is of no consequence.

### CONCLUSION

Rule 8.4(a) clearly directs that any delay occasioned by a defendant's absence or inability to be arrested or taken into custody is to be excluded whether intentional or not. Therefore, the trial court's finding that Rule 8.4(a) "presupposes ... some type of knowledge, some type of in-

tent, some type of deliberate behavior" was clearly incorrect and the 90–day delay should have been excluded. The facts as set forth by the state were not objected to or contested by appellee and were sufficient to demonstrate a reasonable effort by the state to ascertain appellee's whereabouts. *See State v. Gutierrez,* 121 Ariz. 176, 180, 589 P.2d 50, 54 (App.1978). The arrest warrant information sheets and release questionnaires in the record all indicate appellee was transient and supported the state's allegations. Therefore, the period from December 5, 1986 (the date which the state attempted to serve appellee with summons at his listed address) and March 6, 1987 (the date appellee was arrested) should have been excluded from the Rule 8 computation, extending the last day for trial to May 23, 1987. Therefore, the trial court abused its discretion in dismissing the prosecution. The order dismissing the charges is reversed and the matter remanded for proceedings consistent with this decision.

SHELLEY, P.J., and GRANT, J., concur.