751 P.2d 39

**Hector A. DURON, Petitioner,**

v.

**The Honorable Lawrence H. FLEISCH-MAN, Judge of the Pima County Superior Court, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

**No. 2 CA-SA 88–0003.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 23, 1988.

Charles S. Sabalos, Tucson, for petitioner.

Stephen D. Neely, Pima Co. Atty. by Jill Thorpe, Tucson, for real party in interest.

## OPINION

FERNANDEZ, Judge.

Petitioner was arrested in Pima County on July 21, 1987, and charged with two counts of driving under the influence of intoxicating liquor while his license was suspended, in violation of A.R.S. §§ 28–692, 28–692.01 and 28–692.02. He was released the same day, giving as his address a post office box in Kearney, Arizona, which is outside Pima County. On July 29, petitioner's retained counsel filed a notice of appearance, a copy of which was transmitted to the Pima County Attorney's office. The state's motion to dismiss the charges was granted on August 6 because records from the state Motor Vehicle Division were not available.

On November 3, petitioner was indicted on the same charges, and a summons was issued notifying petitioner of the charges and the arraignment scheduled for November 12. The summons was returned marked "unable to serve," and, although the record is unclear on this point, it appears that this resulted either from the fact that it was issued to a Pima County Sheriff's deputy who did not have authority to serve process outside the county or because the address indicated on the summons was a post office box. On November 12, the court granted the state's motion to continue and ordered the arraignment continued to November 27. A copy of this order was mailed to petitioner at the post office box address, and he and his attorney appeared at the November 27 arraignment. On that date, a pretrial conference was scheduled for December 30.

On December 11, petitioner filed a demand for jury trial which advised the court that the time limits of Rule 8, Ariz.R. Crim.P., 17 A.R.S., would expire on Decem-

ber 18. On December 21, petitioner filed a motion to dismiss the charges with prejudice because of the speedy trial violation, citing *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). The state filed no response, and nothing further transpired until the pretrial conference on December 30 before Judge Pedersen. At that time, petitioner argued his motion to dismiss, which the state attempted to oppose on the ground that the period between November 12 and November 27 was excludable as delay occasioned by the defendant. *See* Rule 8.4(a), Ariz.R.Crim.P., 17 A.R.S. Judge Pedersen refused to rule on the motion, deferring to Judge Fleischman, to whom the case was assigned for trial on January 4. Noting that even if the November 12–27 period were excluded, the time would run prior to January 4, the prosecutor requested Judge Pedersen to rule that the period between December 30 and January 4 also be excluded. Judge Pedersen declined the request, deferring again to the trial judge.

On January 4, petitioner again requested dismissal of the charges with prejudice. After hearing argument from counsel, Judge Fleischman ruled that the November 12–27 period was excluded time but that the December 30–January 4 period was not excluded. The charges were then ordered dismissed without prejudice, Judge Fleischman finding that the delay resulted from Judge Pedersen's refusal to rule on the motion to dismiss and that the state should not be penalized for the judge's failure to act.

 In this special action, petitioner argues that the trial judge acted without legal authority, committed a plain and obvious error and made a decision that was arbitrary and capricious and an abuse of discretion in refusing to dismiss the charges with prejudice, citing *Hinson v. Coulter*, supra. An order of dismissal without prejudice may not be appealed by a defendant. A.R.S. § 13–4033. For that reason, and because we find that the trial judge acted without authority in dismissing without prejudice, we accept jurisdiction and grant relief.

Rule 8.2(a) provides that a defendant must be tried within 150 days following his arrest or service of summons. In *Hinson v. Coulter*, supra, the supreme court held that the rule must be strictly applied in drunk driving cases, and that if the rule is violated, the charges must be dismissed with prejudice. The state argued below and in this court that the period between November 12 and November 27 should be excluded as delay occasioned by the defendant because petitioner "gave an address that was not servable." The trial court agreed and excluded this period.

The comment to Rule 8.4(a) is instructive as to its application.

Section (a) states that delays occasioned by the defendant, or on his behalf, such as hospitalization for mental treatment are to be excluded. The rule is in accordance with Arizona case law which holds that a defendant who deliberately stalls the proceeding cannot thereafter claim his right to a speedy trial. [Citation omitted.] It broadens that holding in that any delay occasioned by the defendant, whether intentional or not, is to be excluded from the computation. Thus, if delay occurs because the defendant is absent from the jurisdiction, even though his absence is not willful, *e.g.*, if he does not know that charges have been brought against him, the period of delay is to be excluded.

Division One of this court, citing that comment and prior Arizona cases, has recently held excludable under Rule 8.4(a) the period during which a defendant in a DUI prosecution could not be served, holding that the rule does not require a showing that the state's inability to serve was the result of intentional conduct on the part of the defendant. *State v. Tarkington*, Ariz. (1 CA–CR 11433, filed January 19, 1988). In that case, the defendant had given a nonexistent address, and the police had made other attempts to locate the defendant which were unsuccessful until he was arrested again five months after the offense. In reversing that trial court's dismissal, the court concluded that the evidence was "sufficient to demonstrate a reasonable effort

by the state to ascertain appellee's whereabouts." *Id.*, slip op. at 10.

As Division One noted in *Tarkington*, Rule 8.4 was patterned after the speedy trial standards established by the American Bar Association in its Standards for Criminal Justice, Standard 12–2.3 (2d ed. 1986). Subsection (e) of that standard excludes

the period of delay resulting from the absence or unavailability of the defendant. A defendant should be considered absent whenever his or her whereabouts are unknown and in addition the defendant is attempting to avoid apprehension or prosecution or his or her whereabouts cannot be determined by due diligence. A defendant should be considered unavailable whenever the defendant's whereabouts are known but his or her presence for trial cannot be obtained or whenever the defendant resists being returned to the state for trial....

That standard makes it clear that, although a defendant's unavailability need not be shown to be intentional in order for the time to be excluded, the state must show that it exercised "due diligence" in attempting to find the defendant. Although the language used in Rule 8.4(a) differs from that standard, we nevertheless believe that the phrase in the rule, "inability to be arrested or taken into custody," carries with it the implication that the state will follow "the usual investigative procedures for determining the whereabouts of a person." Standards for Criminal Justice, supra, at 12.31.

■ In the present case, it is apparent that the state did not exercise due diligence in attempting to serve petitioner. As noted above, the summons was returned marked "unable to serve" either because it was issued to an officer who lacked authority to serve process outside Pima County or because the address on the summons was a post office box. Counsel for petitioner made an offer of proof that petitioner was

at all times available and could have been contacted had the state either notified his counsel of record in the case previously dismissed or mailed the summons to his post office address. There was no evidence, nor any suggestion, that petitioner was attempting to evade service of process.

■ The state, relying on Rule 3.4, Ariz. R.Crim.P.,[1] argues that it is free to choose the method of service employed in a particular case and that any delay resulting from its initially unsuccessful efforts must be considered delay occasioned by the defendant. We believe this argument is inconsistent with Rule 8.4 and with the spirit of *Hinson v. Coulter*, supra. The fact that the state has chosen a permissible means of attempting to serve a defendant does not necessarily mean that the state has exercised due diligence in ascertaining his whereabouts. From the information available to the state at the time the original summons was issued, it was apparent that the summons could not be personally served by a Pima County Sheriff's deputy or at a post office box address. At that point, the state was obligated to attempt service by other means, which the record shows would have been successful. Having failed to do so, the state cannot claim that it exercised due diligence, and therefore the period between November 12 and November 27 was not excludable under Rule 8.4(a).

Accordingly, the 150–day time for trial under Rule 8.2(a) expired on December 18, and the petitioner's motion for dismissal with prejudice should have been granted. The order of the trial court is vacated, and the cause is remanded to the trial court with directions to dismiss the charges against petitioner with prejudice.

LIVERMORE, P.J., and ROLL, J., concur.

---

1. "The summons may be served in the same manner as the summons in a civil action, except that service may not be by publication. In addition, a summons may be served by certified or registered mail, return receipt requested. Return of the receipt shall be prima facie evidence of service."