760 P.2d 597

**The STATE of Arizona, Appellant,**

**v.**

**Kyle Douglas SNOW, Appellee.**

**2 CA–CR 88–0102.**

Court of Appeals of Arizona, Division 2, Department A.

April 12, 1988.

Review Denied Sept. 14, 1988.

---

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Carol A. Carrigan, Phoenix, for appellee.

## OPINION

LACAGNINA, Chief Judge.

The state appeals from the trial court's order dismissing two felony drunk driving charges against Kyle Douglas Snow pursuant to *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986), arguing that because the delay resulted from the inability of the state to execute the arrest warrant or serve the summons, such delay was "occasioned by or on behalf of the defendant" and is therefore excludable time under Rule 8.4(a), Ariz.R.Crim.P., 17 A.R.S. We affirm the trial court because we find, upon a review of the record, that the state has not shown that it exercised due diligence in attempting to find Snow. *Duron v. Fleischman*, 156 Ariz. 189, 192, 751 P.2d 39, 42 (Ct.App.1988).

Snow was arrested on October 22, 1986, and cited for driving while intoxicated, speeding and failing to drive in one lane. His current address and the name of his employer were furnished to the arresting officer and are set forth on the citations issued at that time. Approximately one month later, Snow moved and notified the post office, the telephone company and the Motor Vehicle Division of his change of address. The Mesa City Court, the court with jurisdiction over the traffic citations, was also aware of his change of address.

On January 13, 1987, Snow was indicted on two counts of felony drunk driving with a suspended or cancelled license. A summons was issued the same day, but was quashed on March 3 following the issuance of an arrest warrant. He was subsequently arrested on June 29 and filed a motion to dismiss because of a violation of the strict 150-day time limit mandated by *Hinson*. The state argued that the delay was occasioned by Snow, within the meaning of Rule 8.4(a). In addition, the state further argued that considering the large number of cases processed by the state and the limited number of personnel available to effect service, it had made reasonable efforts under the circumstances and *Hinson* did not require a dismissal with prejudice. The trial court granted Snow's motion, and this appeal followed.

The state's first argument is based on the exclusion under Rule 8.4(a), for "delays occasioned by or on behalf of the defendant, including ... his inability to be arrested or taken into custody in Arizona." The comment to this rule indicates that such periods are excluded regardless of whether the delay results from an intentional act on the part of the defendant. However, we have recently held that, before the state may obtain an exclusion of time based on its inability to arrest or take a defendant into custody, it must first show that it has exercised due diligence in attempting to find the defendant. *Duron v. Fleischman, supra*. Under the circumstances of this case, we find the state has not shown such due diligence.

At the hearing on the motion to dismiss, neither of the officers assigned to this case testified. The state presented testimony as to the number of cases handled each month, the number of persons employed to serve summonses and warrants, and the

general procedures utilized. The testimony established that it is the state's general procedure to attempt to locate someone at the address given and, if unsuccessful, to contact a neighbor or apartment manager, and then the Motor Vehicle Division. If these efforts are unsuccessful, the summons is returned and an arrest warrant is issued. The state presented no evidence as to what specific attempts were made in this case to locate Snow. The criminal investigator from the County Attorney's Office testified concerning the state's attempts, after the fact, mostly unsuccessful, to verify Snow's testimony as to his whereabouts and notice of his move.

Essentially, the state would have us hold that its limited effort to effect service is justified by its lack of manpower and resources, and that therefore its efforts were reasonable under the circumstances.[1] We disagree. Contrary to the state's assertions before the trial court, Rule 3.4, Ariz. R.Crim.P., 17 A.R.S., permits service of a summons by certified or registered mail. Had this method been utilized in this case, the summons would have reached Snow at his new address. Further, the evidence showed that the state could have ascertained Snow's new address by contacting his employer, whose name was set forth on the original citations. The means used in this case to effect service fell far short of being either reasonable or diligent.

Finding no error in the trial court's order of dismissal, we affirm.

HOWARD, P.J., and HATHAWAY, J., concur.

---

1. The supreme court was fully aware of the state's lack of resources for processing DUI cases when it rendered its opinion in *Hinson.*