771 P.2d 889
**STATE of Arizona, Appellant,**

v.

**Robert Lee ARMSTRONG, Appellee.**

**No. 1 CA–CR 88–347.**

Court of Appeals of Arizona,
Division 1, Department D.

April 4, 1989.

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellee.

OPINION

FIDEL, Judge.

The state appeals from the trial court's order dismissing two felony drunk driving charges against Robert Lee Armstrong pursuant to *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986). The trial court declined to exclude from its calculation of elapsed time the delay that resulted from the inability of the state to serve defendant with the summons. The state argues that this time should have been excluded under Rule 8.4(a), 17 A.R.S. Arizona Rules of Criminal Procedure, because the state's service effort met the standard of due diligence. We affirm the trial court because we find, upon a review of the record, that the evidence permitted the trial court to conclude that the state had not exercised

reasonable diligence in attempting to find and serve Armstrong.

## FACTS AND PROCEDURAL HISTORY

Armstrong was arrested on September 18, 1987, and cited for driving while under the influence of alcohol and driving with 0.10 percent or more of alcohol in his blood. Armstrong gave the police his home address and the name, but not the address or telephone number, of his employer.

On November 4, 1987, a summons issued. On November 9 and again on November 12, a constable attempted to serve defendant at his home but found no one home. The state alleged, though it introduced no evidence to prove, that the constable left a note each time advising defendant to contact him or the police department. Defendant and his aunt, who reside at the same address, both denied having seen these notes.

On November 30, 1987, a warrant was issued for defendant's arrest. He was arrested pursuant to the warrant on January 21 or 22, 1988, and made an initial appearance on January 22.

On March 3, 1988, defendant filed a motion to dismiss, pursuant to *Hinson*, arguing that the 150 day time limit from the date of arrest to the date of trial had elapsed on February 15. Disposition of this motion depended on whether the court would exclude from the computation of elapsed time the period when the state unsuccessfully attempted to serve defendant with a summons. This in turn depended on whether the state's service efforts met the standard of reasonable diligence.

The trial court granted the motion to dismiss, concluding that, "when no response was received following the November 9, 1987, visit to the defendant's home, the state should have attempted service by other means." The state filed a timely notice of appeal from this order, and we have jurisdiction pursuant to A.R.S. § 13–4032(1).

## DISCUSSION

■ *Hinson* requires that a defendant arrested for driving while intoxicated be indicted and tried within 150 days of his arrest. If the defendant "occasions" a delay, the 150 day time limit is tolled. *Hinson*, 150 Ariz. at 311, 723 P.2d at 660; Rule 8.4, 17 A.R.S. Rules of Criminal Procedure. The defendant may occasion delay by avoiding service. However, where delay attributable to inability to serve the defendant is not intentionally occasioned by defendant, the state must show that it attempted to achieve service with "due diligence" in order for that time to be excluded under *Hinson*. *Duron v. Fleischman*, 156 Ariz. 189, 192, 751 P.2d 39, 42 (App. 1988); *State v. Tarkington*, 157 Ariz. 556, 558, 760 P.2d 556, 558 (App.1988).

■ Although the question of due diligence necessarily turns upon the details of each case, the standard is constant: whether the state took reasonable steps to locate the accused based upon all of the information that it possessed. Characteristic of cases of inadequate diligence is the state's failure to pursue significant leads.

For example, in *Duron v. Fleischman*, 156 Ariz. 189, 751 P.2d 39 (App.1988), defendant had provided the police with a post office box address. While residential service was thus unlikely, the state neglected to mail the summons to defendant's post office box. Nor did the state attempt to locate defendant through his counsel of record. In *State v. Snow*, 157 Ariz. 597, 760 P.2d 597 (App.1988), the state attempted residential service unsuccessfully, learned that defendant had moved, and made no further effort to serve him, though the defendant had given his employer's name and address to the arresting officer and had notified the post office, the telephone company, and the motor vehicle division of his new address. In *State v. Jones*, 21 Ariz.Adv.Rep. 37, 38 (App. Nov. 17, 1988), the state unsuccessfully attempted service at defendant's residence on four occasions during regular working hours; the state failed, however, to attempt evening service or to seek the defendant at a day construction job known to the probation department. In each of these cases inadequate diligence was found; each was character-

ized by the failure to pursue significant leads.

◼ In this case, the state had the defendant's correct address and twice sent a process server to serve him. The process server allegedly left notes, but the state took no other steps thereafter. The state presented no evidence that it attempted to contact a neighbor or the motor vehicle division. Nor did the state attempt to phone the defendant or serve him by certified or registered mail. In this case, as in *Snow*, had the state attempted service by mail, the summons would have reached him. *Snow*, 157 Ariz. at 599, 760 P.2d at 599.

A reviewing court will not substitute its discretion for that of the trial court if there is any reasonable evidence to support its order. *State v. Doolittle*, 155 Ariz. 352, 746 P.2d 924 (App.1987). Given the evidence, we cannot find that the trial court abused its discretion in finding an absence of reasonable diligence or in ordering the charges dismissed with prejudice.

Affirmed.

KLEINSCHMIDT, P.J., and GRANT, J., concur.