Richard **BELL,** Petitioner–Appellant,

v.

Greg **FIZER,** Warden; et al., Respondents–Appellees.

No. 05–16522.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed June 20, 2007.

**446**

Richard Bell, Douglas, AZ, pro se.

Brick P. Storts, III, Esq., Barton & Storts, Tucson, AZ, for Petitioner–Appellant.

Diane M. Acosta, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

### MEMORANDUM *

**▪** 1. The district court properly held that Bell's speedy trial claim is procedurally defaulted, because the last reasoned state court judgment to consider the claim "clearly and expressly" invoked a state procedural bar to dispose of it. *Harris v.*

---

* This disposition is not appropriate for publication and is not precedent except as provided

*Reed,* 489 U.S. 255, 260–63, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

Furthermore, Bell cannot show the "cause" and "prejudice" necessary to lift this procedural bar. *See Gray v. Netherland,* 518 U.S. 152, 161–62, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). Attorney error can constitute "cause" for these purposes only where the error constitutes ineffective assistance of counsel under the Sixth Amendment, *Coleman v. Thompson,* 501 U.S. 722, 753–54, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), requiring a showing first "that counsel's performance was deficient," and second "that the deficient performance prejudiced the defense," *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Bell argued before us only that his appellate counsel, on direct appeal after his second trial, provided ineffective assistance by failing to raise a speedy trial claim. Accordingly, he can establish the "cause" prong of *Strickland* only upon showing "that counsel's advice fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, [Bell] would have prevailed on appeal." *Miller v. Keeney,* 882 F.2d 1428, 1433–34 (9th Cir.1989) (citations omitted).

The Arizona trial court was free to dismiss case number CR–42486 without prejudice, Ariz. R.Crim. P. 8.6, a decision from which Bell's counsel could not appeal. *State v. Alvarez,* 210 Ariz. 24, 107 P.3d 350, 356 (Ariz.Ct.App.2005); *Duron v. Fleischman,* 156 Ariz. 189, 751 P.2d 39, 41 (Ariz. Ct.App.1988) (citing Ariz. Rev. Stat. Ann. § 13–4033). After Bell was re-indicted in case number CR–68445, he proceeded to trial within the time frame called for by Arizona law. *See* Ariz. R.Crim. P.

by 9th Cir. R. 36–3.

8.2(a)(3)(i). Accordingly, Bell's appellate counsel was not deficient for failing to raise a speedy trial claim grounded on state law. Similarly, Bell's counsel was not ineffective for failing to raise a Sixth Amendment speedy trial claim, because such a claim was not reasonably likely to prevail on appeal under the applicable four-factor balancing test established by *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). For these reasons, Bell has not satisfied his burden to show "cause" for his procedural default under *Strickland*.

2. On the merits of Bell's juror misconduct claim, the district court properly held that no reversible error exists under the Antiterrorism & Effective Death Penalty Act of 1996 ("AEDPA"), because the last reasoned state court decision to address Bell's claim: (1) identified the governing legal rule and (2) applied it reasonably to the facts of this case. *See Williams v. Taylor*, 529 U.S. 362, 405–408, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

■ Because Bell alleges juror bias, he "must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984). Approaching the juror misconduct claim in this case, the Arizona court identified this standard and analyzed whether the juror had lied or knowingly misled the court. Accordingly, the state court's disposition is not "contrary" to established Supreme Court precedent. Nor is the state court's decision an unreasonable application of clearly established federal law. The juror's post-verdict letter indicates some strong beliefs about homosexuality. It also indicates that after hearing all of the evidence in this case, and after discharging his duty to decide the case based only on the evidence presented, the juror chose to share some of those views with the trial court, along with his concern about the potential leniency of Bell's sentence. Nowhere, however, does the letter indicate that the juror intentionally failed to answer honestly a question on *voir dire*. Absent that showing, no relief is warranted under *McDonough*. As our cases have made clear, a juror's post-verdict writings cannot support a misconduct claim unless they show that the juror intentionally misled the court at *voir dire*. *See, e.g., United States v. Saya*, 247 F.3d 929, 935–37 (9th Cir. 2001); *Green v. White*, 232 F.3d 671, 675–76 (9th Cir.2000).

Finally, the state court's factual findings are presumed to be correct, and may be disturbed only if they are not fairly supported by the record, or are rebutted by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1). Here the court specifically found that on *voir dire* Martin assured the court he could keep an open mind about Bell's case, and that even after reading Martin's letter, there is no evidence that he lied or knowingly withheld any information. These findings are fairly supported by the record, and Bell has presented no clear and convincing evidence to the contrary.

■ 3. Bell's assertion that *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), should apply retroactively to this collateral challenge to his sentence has been considered and rejected by this court. *See, e.g., Cooper–Smith v. Palmateer*, 397 F.3d 1236, 1245–46 (9th Cir.2005). Accordingly, his motion to expand the certificate of appealability is DENIED.

**AFFIRMED.**