OPINION
JOHNSEN, Judge.
¶ 1 Rule 8 of the A’izona Rules of Criminal Procedure requires a defendant to be tried within a specified time period, and Rule 16.6(a) precludes the prosecution from voluntarily dismissing a charge to avoid the Rule 8 deadline. Daniel Jay Earl argues the State *578 violated these rules by dismissing a theft charge against him on the eve of the deadline because it was unprepared to go to trial and re-filing the same charge to start the Rule 8 clock running anew. We decline jurisdiction of EaiTs petition for special action.
FACTS AND PROCEDURAL BACKGROUND
¶ 2 Earl was charged by information in June 2011 with theft of a new ear worth more than $25,000, in violation of Arizona Revised Statutes (“A.R.S.”) section 13-1802 (2014).[1] The information charged that Earl, “without lawfid authority, knowingly obtained [the car], by means of a material misrepresentation ... with the intent to deprive” a Phoenix car dealership of the vehicle. The prosecution’s theory was that Earl falsely identified his employer on a financing application he submitted to the dealership when he was negotiating to buy the car and then refused to return the car after the discrepancy was discovered and the deal fell through.
¶ 3 Trial was set for August 8, 2012. At a settlement conference on July 16, the State learned facts undercutting its theory of the case. After the settlement conference failed, the superior court held a final trial management conference on July 31, at which the prosecutor said there were no pretrial matters to address and that he “want[ed] to affirm” the August 8 trial date. The minute entry entered after the conference observed that the “last day,” for purposes of Rule 8, remained August 23.
¶ 4 On August 1, another prosecutor met with the grand jury and asked it to hand down an indictment again charging Earl with theft in connection with the car. A detective testified that after the dealership and Earl could not come to terms on what to do after the financing fell through, the dealership tried unsuccessfully to repossess the car and finally reported it stolen. The grand jury issued an indictment again charging Earl with theft in violation of AR.S. § 13-1802, alleging that “between the 9th day of September, 2009 and the 23rd day of May, 2012, without lawful authority, [Earl] knowingly eontrolled [the car] with the intent to deprive” the dealership of it.
¶ 5 Earl and his counsel were unaware of the indictment when they appeared before the master calendar assignment judge the morning of August 8 to be sent out for trial on the 2011 charge. After a three-minute unrecorded sidebar conversation at which the prosecutor disclosed the indictment, the court asked the prosecutor whether he was moving to dismiss the 2011 information without prejudice, and the prosecutor said, “That’s correct.” After Earl’s counsel said he had no objection to the dismissal, the court immediately stated that Earl could reserve an objection: “It’s ordered dismissing the 2011 case while the presumption is without prejudice, but without prejudice to have it raised.”
¶ 6 Several months later, Earl moved in the 2012 matter to dismiss both charges with prejudice. He argued the State could not show good cause pursuant to Rule 16.6(a) for dismissing the 2011 charge and the prosecutor could not have avowed that the motion to dismiss was not made to avoid Rule 8. Earl argued that because the State dismissed and re-filed the theft charge against him “in bad faith and in order to secure a tactical advantage,” the dismissal of the 2011 charge should have been with prejudice.
¶ 7 At oral argument on the motion to dismiss, the prosecutor conceded the State decided to dismiss and re-file the 2011 theft charge because of facts it learned during the settlement conference three weeks before trial was to begin. Although the State’s original theory had been that Earl obtained the car by making a material misrepresentation on the financing application (in violation of AR.S. § 13-1802(A)(3)), its new theory was that he controlled the property of another with the intent to deprive (in violation of § 13-1802(A)(1)). The prosecutor asserted that “we took the case back to the Grand Jury in order to obtain an indictment on new facts and circumstances and under a different subsection of the statute. That was the purpose of taking the ease back to Grand *579 Juiy. It wasn’t for the purpose of delay.” The superior court denied the motion to dismiss, but, at Earl’s request, stayed the trial pending the results of this special action,
DISCUSSION
¶ 8 After failing to move to continue trial on the 2011 charge, the State did not file a written motion to dismiss the charge. Nor did it offer on the record any “good cause” to support its oral motion, as Rule 16.6(a) requires. In fact, the State said nothing on the record about the purpose of the dismissal. And after the court volunteered that the dismissal would be without prejudice to Earl’s opportunity to argue about it later, Earl did not object. Nor did he press the prosecutor to present the motion to dismiss on the record in a fashion that might have compelled the court to decide whether “the purpose of the dismissal [was] not to avoid the provisions of Rule 8.” See Ariz. R.Crim. P. 16.6(a).
¶ 9 Under the circumstances, Earl’s failure to object to the State’s oral motion to dismiss would not have prevented him from moving for reconsideration or filing a timely petition for special action. But he could not wait to raise the issue in a subsequent prosecution; he needed to seek review in the 2011 case. State v. Paris-Sheldon, 214 Ariz. 500, 508, ¶ 23, 154 P.3d 1046, 1054 (App.2007); see State v. Alvarez, 210 Ariz. 24, 30, 107 P.3d 350, 356 (App.2005), vacated in part on other grounds, 213 Ariz. 467, 143 P.3d 668 (App. 2006); Duron v. Fleischman, 156 Ariz. 189, 191, 751 P.2d 39, 41 (App.1988).
¶ 10 In Paris-Sheldon, this court held a defendant in Earl’s position could not appeal in the second ease from the dismissal of charges in the first ease without prejudice. 214 Ariz. at 508, ¶ 23, 154 P.3d at 1054. There is a practical reason why this is so. If, as Earl argues, the State moved to dismiss the 2011 charge for the purpose of avoiding the Rule 8 deadline, Rule 16.6(a) required the court to deny the motion. Id. (“[I]f the court concludes the state is attempting to avoid Rule 8, the court must deny the motion to dismiss altogether.”). If Earl had objected to the motion to dismiss or had moved to reconsider the dismissal without prejudice or raised the issue in a timely petition for special action in the 2011 matter, his Rule 8 rights would have been vindicated, and the prosecution would have been required to bear the consequences of what Earl asserts was its lack of diligence.
¶ 11 But, having waited to complain until the second prosecution was underway, Earl then sought a different, more extreme remedy — dismissal of both charges with prejudice. We cannot know what would have happened if Earl had objected to the motion to dismiss or moved for reconsideration of the dismissal of the 2011 information or sought special-action review of that ruling. If he had pressed his Rule 16.6(a) rights at that time, however, we must assume that before the superior court would have dismissed the 2011 charge with prejudice, it would have allowed the State the option of proceeding to trial before the last day on the original charge, as Rule 16.6(a) contemplates. With that possibility long since passed, this court cannot properly consider Earl’s argument that the superior court in the second case abused its discretion by failing to dismiss both charges with prejudice.
CONCLUSION
¶ 12 The court declines to accept jurisdiction of Earl’s petition for special action.

. Absent material revision after the date of an alleged offense, we cite a statute's current version.