NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA,
*Appellee,*

*v.*

JOSHUA CHRISTOPHER COTA,
*Appellant.*

No. 1 CA-CR 18-0150
FILED 6-2-2020

---

Appeal from the Superior Court in Maricopa County
No. CR2016-001513-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

**T H U M M A**, Judge:

¶1        Joshua Cota appeals from his conviction and sentence for burglary in the second degree. Cota argues his right to a speedy trial was violated and that the superior court erroneously failed to find his lack of criminal history was a mitigating circumstance. Because Cota has shown no error, his conviction and sentence are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        In July 2014, the State charged Cota by indictment with five counts related to a sexual assault the previous month: (1) sexual assault, a Class 2 felony; (2) sexual abuse, a Class 5 felony; (3) aggravated assault, a Class 6 felony; (4) criminal trespass in the first degree, a Class 6 felony and (5) burglary in the second degree, a Class 3 felony. The case was designated as complex and over the next year and half, scheduled trial dates were continued several times. Until mid-January 2016, when trial was set for early March 2016, Cota did not object to continuances and waived time.

¶3        In February 2016, based on recently-acquired evidence regarding an additional victim, the State again presented the matter to the grand jury, seeking new charges. When the grand jury did not issue an indictment as to the additional victim, the State arranged for a second grand jury presentation.

¶4        Meanwhile, the State moved to continue the early March 2016 trial based on trial conflicts and possible additional charges against Cota. Cota objected, and the court denied the State's motion to continue. In early March 2016, on the date set for trial, the superior court granted the State's

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008).

renewed motion to continue over Cota's objection, resetting trial for later that month.

¶5        The second grand jury presentment then resulted in a new indictment, charging Cota with different offenses against the victim named in the original indictment. This 2016 indictment charged Cota with: (1) burglary in the second degree, a Class 3 felony; (2) sexual abuse, a Class 5 felony; (3) sexual assault, a Class 2 felony and (4) two counts of attempt to commit sexual assault, Class 3 felonies. The State then moved to dismiss the 2014 indictment without prejudice, *see* Ariz. R. Crim. P. 16.4(a),[2] and proceed on the 2016 indictment. Cota objected and moved to dismiss the 2016 indictment, arguing that a dismissal of the 2014 indictment was a "bad faith attempt to circumvent Mr. Cota's Arizona Rules of Criminal Procedure (Rule) 8 right, state constitutional right, and federal constitutional right to a speedy trial." After hearing and argument, the court denied Cota's motion to dismiss the 2016 indictment and granted the State's motion to dismiss the 2014 indictment without prejudice, finding that the State's motion was not filed in order to avoid the provisions of Rule 8.

¶6        Cota sought and obtained a stay in late April 2016 to seek special action relief. Cota, however, failed to seek such relief for months. Ultimately, in 2017, the special action attempt was rejected. After additional motion practice and continuances, the 2016 charges went to trial in November 2017.

¶7        After a multi-week trial, a jury found Cota guilty of burglary in the second degree; not guilty of one of the attempted sexual assault charges and were unable to reach a verdict on the remaining charges, resulting in a mistrial on those counts.[3] The court then sentenced Cota to

---

[2] Rule 16.4, formerly Rule 16.6, was abrogated and renumbered in 2018; however, no substantive changes were made relevant to this appeal, therefore this court cites the current version. Likewise, absent other material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[3] Cota later pled guilty to sexual abuse, and the court placed him on lifetime probation for that conviction, and, on the State's motion, the two remaining charges where the jury did not reach a verdict were dismissed with prejudice. Those matters are not properly a part of this appeal.

three and a half years in prison for the burglary charge, with 362 days of presentence incarceration credit.

**¶8**        Cota timely appealed and this court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12–120.21(A)(1), 13–4031 and –4033(A) (2020).

## DISCUSSION

**¶9**        Cota argues the court erred in denying his motion to dismiss the 2014 indictment, resulting in a denial of his speedy trial rights, and that the court erred at sentencing by failing to find his lack of criminal history was a mitigating circumstance. This court addresses these arguments in turn.

### I.    This Court Lacks Jurisdiction to Consider Cota's Argument Concerning the Dismissal of the 2014 Indictment.

**¶10**        "On the State's motion and for good cause, the court may order a prosecution dismissed without prejudice if it finds that the dismissal is not to avoid Rule 8 time limits." Ariz. R. Crim. P. 16.4(a). To challenge the superior court's grant of such a motion in this court, Cota was required to successfully press a petition for special action in the 2014 case, not by appealing from the judgment and sentence in the 2016 case. *State v. Paris-Sheldon*, 214 Ariz. 500, 508 ¶ 23 (App. 2007); *see also State v. Alvarez*, 210 Ariz. 24, 30 ¶ 23 (App. 2005), *vacated in part on other grounds*, 213 Ariz. 467 (App. 2006); *Earl v. Garcia ex rel. Cty. of Maricopa*, 234 Ariz. 577, 579 ¶¶ 8-11 (App. 2014). Because Cota failed to do so, this court "lack[s] jurisdiction to review the propriety of the earlier dismissal." *State v. Henry*, 224 Ariz. 164, 173 ¶ 30 (App. 2010).

### II.    Cota's Speedy Trial Rights Were Not Violated.

**¶11**        Cota argues that the State "severely neglected [its] duties as related to the 2014 case," depriving him of his constitutional right to a speedy trial. To the extent his challenge is based on the 2014 case, however, this court lacks jurisdiction to consider that matter, which was dismissed long ago. To the extent he alleges a speedy trial violation in the 2016 case, this court weighs four factors: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant" when assessing a constitutional speedy trial claim. *State v. Parker*, 231 Ariz. 391, 398 ¶ 9 (2013) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). "[T]he length of the delay is the least important

[factor], while the prejudice to defendant is the most significant." *State v. Spreitz*, 190 Ariz. 129, 139-40 (1997).

¶12        The State concedes the nearly three-and-a-half-year delay between the original indictment and trial, is "presumptive[ly] prejudice[ial]," triggering *Barker*. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Looking at the reasons for delay, Cota agreed to the continuances in the first year and seven months in the 2014 case. In addition, Cota obtained a nine month stay to pursue a special action. And Cota has not shown how the time from the 2016 indictment (March 2016) and the November 2017 trial constituted improper delay.

¶13        It was not until February 2016 that Cota asserted his speedy trial rights, a factor that cuts against his argument. *See, e.g.*, *Parker*, 231 Ariz. at 399 ¶ 15 (weighing a delay of seeking his right two years and nine months after his arrest against the defendant); *State v. Henry*, 176 Ariz. 569, 579 (1993) (fourteen-month delay in asserting right weighed against defendant).

¶14        Finally, and most importantly, Cota has failed to show resulting prejudice. *See Parker*, 231 Ariz. at 399 ¶ 16. Cota argues he was "forced to live, each day of his life, well in excess of three years, with the pending litigation for serious felony offenses looming over his head." However, Cota was on release status for a significant period of time and stress and anxiety are insufficient to demonstrate prejudice. *See State v. Soto*, 117 Ariz. 345, 348 (1977); *Spreitz*, 190 Ariz. at 140 ("While five years in custody may have increased defendant's anxiety quotient, we find . . . that the delay did not prejudice his ability to defend against the state's claims.").

¶15        Cota also fails to establish that the delay impaired his ability to mount a defense. Cota contends that had "the court denied the State's motion to dismiss the 2014 case, the State would have not had the ability to call most of its witnesses." However, a "[defendant] must show that *he* was prejudiced by being prevented from presenting some defense, rather than by the state's being allowed to make its case." *State v. Zuck*, 134 Ariz. 509, 515 (1982) (emphasis added; citing cases). Cota fails to show that he "could not present his entire defense as intended." *State v. Wassenaar*, 215 Ariz. 565, 572 ¶ 20 (App. 2007). On this record, the superior court did not err in rejecting Cota's speedy trial argument. *See Parker*, 231 Ariz. at 399 ¶¶ 17–18.

### III. The Superior Court Did Not Err in Sentencing Cota to a Presumptive Term.

**¶16** Cota argues the court overlooked mitigating evidence when sentencing him. Cota did not object at sentencing, so this court reviews Cota's argument for fundamental error. *See State v. Dustin*, 247 Ariz. 389, 390 ¶ 3 (App. 2019). The primary basis for Cota's argument is that the superior court failed to consider his lack of criminal history as a mitigating factor. Cota, however, has failed to cite authority requiring a court to consider a lack of criminal history as a mitigating factor. Indeed, Arizona's sentencing structure imposes different consequences for first time offenders as opposed to repeat offenders. *See* A.R.S. § 13-703.

**¶17** Courts are "presume[d to] . . . consider[] all relevant factors" when imposing a sentence, *State v. Everhart*, 169 Ariz. 404, 407 (App. 1991), and the court here stated it had "weighed all of the mitigation that's been presented" at sentencing. The sentence imposed was the presumptive term for a first time offender like Cota, A.R.S. § 13-702(D), and nothing indicates that the court failed to consider the fact that Cota did not have a prior felony conviction. On this record, Cota has not shown the court erred in imposing a presumptive prison term.

### CONCLUSION

**¶18** Cota's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA