590 P.2d 924

Barry Paul RYAN, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF MARICOPA, Hon. Lawrence Doyle, Judge of the Superior Court, the City Court of the City of Phoenix, Hon. Ralph Smith, Judge of the City Court, Oscar Sutton, Prosecutor for the City of Phoenix, real party in interest, State of Arizona, Respondents.

No. 14052.

Supreme Court of Arizona, In Banc.

Feb. 5, 1979.

Ross P. Lee, Maricopa County Public Defender by William L. Topf, III, Supervising Atty., Phoenix, C. Alan Bowman, Third-Year Law Student, for petitioner.

Andy Baumert, III, Phoenix City Atty. by Oscar L. Sutton, Asst. City Prosecutor, Phoenix, for respondents.

HOLOHAN, Justice.

Petitioner, Barry P. Ryan, was charged by complaint in the Phoenix City Court with driving while under the influence of intoxicating liquor and two traffic violations. He was convicted, after trial by jury, of driving under the influence of intoxicating liquor but acquitted of the two traffic charges. Petitioner appealed to the superior court, but that court affirmed the judgment of the municipal court. Although no further appeal was possible under A.R.S. § 22–375 petitioner sought relief by special action, raising certain constitutional issues. After hearing argument on the petition it appeared that an important question was presented which affected not only this case but others in the lower courts. We accepted jurisdiction. *See* A.R.S. § 12–2001; Ariz.Const. art. 6 § 5.

The issue presented by petitioner involves his claim that the municipal court required him to make a prima facie showing that his statements to a police officer while he was under arrest were involuntary. Petitioner contends that the burden of proof was improperly shifted to him to prove the statements were involuntary whereas the state should have had the burden of proving that the statements were voluntary.

In the municipal court petitioner filed a motion requesting a voluntariness hearing and certain other motions not relevant to the issues in this case. A hearing was commenced to determine the voluntariness of certain statements made by the petitioner while in custody of the city police. At the hearing, the city magistrate advised the petitioner that it was petitioner's duty under 17 A.R.S. Rules of Criminal Procedure, rule 16.2(b) to make a prima facie showing that the statements at issue were involuntary before the state had any duty to present its evidence. Because petitioner was unprepared at that time to go forward with his evidence, the voluntariness hearing was continued and scheduled to be held immediately before the trial.

Although petitioner again renewed his objection at a later hearing, he nevertheless went forward and presented evidence on the issue of voluntariness. The state also examined the witness on the issue. The trial judge excluded one of the statements made by petitioner as irrelevant, but he ruled the remaining statements voluntary. The statements were received in evidence at the subsequent jury trial which resulted in petitioner's conviction.

At the outset we must note that the delay involved in resolving the issue in this case would, under ordinary circumstances, be sufficient reason for us to decline jurisdiction. The challenged ruling by the magistrate was made early in the case prior to trial. A special action could have been brought in the superior court to set aside the ruling, but petitioner proceeded to trial and subsequently appealed his conviction. After the conviction had been affirmed, some seven months after the challenged ruling, the petitioner sought relief in this court. Despite the obvious weakness in petitioner's position in this instance, we accepted jurisdiction to resolve the apparent conflict between the city court's interpretation of 17 A.R.S. Rules of Criminal Procedure, rule 16.2(b) * and our previous deci-

---

* Rule 16.2(b) provides as follows:

"The prosecutor shall have the burden of proving, by a preponderance of the evidence, the lawfulness in all respects of the acquisition of all evidence which he will use at trial. *However, whenever the defense is entitled under Rule 15 to discover the circumstances surrounding the taking of any evidence by confes-*

sions regarding voluntariness hearings. *See State v. Owen*, 96 Ariz. 274, 394 P.2d 206 (1964); *State v. Goodyear*, 100 Ariz. 244, 413 P.2d 566 (1966); *State v. Gonzales*, 105 Ariz. 63, 459 P.2d 496 (1969).

■ The petitioner urges that it is the responsibility of the state to prove that his statements were voluntarily made. The state, on the other hand, contends that the petitioner by his motion for a voluntariness hearing was in fact making a motion to suppress the statements under 17 A.R.S. Rules of Criminal Procedure, rule 16.2(b). Under the rule no burden devolved upon the prosecution until the petitioner had made a prima facie showing that the statements were not voluntary. The city magistrate accepted the position of the state. The ruling required the petitioner to present evidence prior to trial on the voluntariness issue. The trial judge's ruling was in error.

Since *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), it is a defendant's constitutional right at some stage in the proceedings prior to the state's use of a confession or admission to have a fair hearing and reliable determination on the issue of voluntariness.

The court has consistently held that statements made by a defendant are prima facie involuntary and the burden is on the prosecution to show that any statement which it intends to introduce into evidence was in fact freely and voluntarily made. *State v. Bishop*, 118 Ariz. 263, 576 P.2d 122 (1978); *State v. Edwards*, 111 Ariz. 357, 529 P.2d 1174 (1974); *State v. Knapp*, 114 Ariz. 531, 562 P.2d 704 (1977); *cert. denied*, 435 U.S. 908.

■ In contrast to our previous decisions cited above, the wording of Rule 16.2(b) concerning this area of confessions suggests a different rule which would support the position taken by the state and the ruling made by the city magistrate. The ques-

tioned provisions of the rule also appear to be in conflict with the rulings in *Jackson v. Denno, supra*, and subsequent United States Supreme Court cases. *See Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In our most recent decision on this subject, *State v. Alvarado*, 121 Ariz. 485, 591 P.2d 973 (1979), we recognized that the United States Constitution does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession. *See Wainwright v. Sykes, supra*. The challenge to the voluntariness of a statement requires nothing more than a timely motion or objection. *State v. Alvarado, supra*. Once a defendant has moved for a voluntariness hearing it is the state's burden to prove that the defendant's statements were voluntarily made. *State v. Alvarado, supra; State v. Knapp, supra; State v. Edwards, supra*. Any suggestion in Rule 16.2(b) that more is required of a defendant than a timely motion or objection is disapproved.

■ Although the procedure followed by the magistrate in this case was incorrect, the record supports his conclusion that the statements made at the police station were given voluntarily. The evidence presented at the voluntariness hearing was sufficient to satisfy the burden of proof required of the prosecution on this issue. Under the particular facts of this case, we find that the error in making petitioner go forward with the evidence was harmless; therefore the relief sought by petitioner is denied.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

---

sion, or search and seizure, or defense counsel was present at the taking, or the evidence was obtained pursuant to a valid search warrant, *the prosecutor's burden of proof shall arise only after the defendant has come forward with* *evidence of specific circumstances which establish a prima facie case that the evidence taken should be suppressed."* (Emphasis ours.)