733 P.2d 637

**The STATE of Arizona, Appellant,**

v.

**David Martinez FIMBRES, Appellee.**

No. 2 CA–CR 4483.

Court·of Appeals of Arizona, Division 2, Department B.

Nov. 6, 1986.

Review Denied Feb. 24, 1987.

Jose Luis Machado, Santa Cruz Co. Atty., Nogales by Chester B. McLaughlin, for appellant.

William Rothstein, Nogales, for appellee.

OPINION ON RECONSIDERATION

BIRDSALL, Judge.

The appellee, David Fimbres, was charged by information with possession and transportation of 397 pounds of marijuana on November 17, 1985. These crimes are, respectively, Class 4 and Class 2 felo-

---

nies. The trial court granted appellee's motion to suppress all the physical evidence and his statements to the police. Following this, the state's motion to dismiss the charges without prejudice was granted. *See State v. Million,* 120 Ariz. 10, 583 P.2d 897 (1978). This appeal, which is authorized by A.R.S. § 13–4032(8), followed.

The procedural facts giving rise to this appeal are as follows:[1] On January 6, 1986, the appellee/defendant filed his motion to suppress. His memorandum alleged generally, as we understand it, that there was no probable cause to arrest him, search his person, or question him and, further, that he was given no *Miranda* warnings. Attached to the memorandum and referred to therein was a police officer's report. No affidavits or other evidentiary material was presented to the trial court. The hearing on the motions was originally set for February 6, 1986. On January 10 it was rescheduled for February 7. However, it was actually heard on the original date, February 6. The deputy county attorney arrived 15 minutes late and reported that he had subpoenaed his witnesses for the next day. He admitted knowing the date had been changed to February 6, but said he was unable to proceed and requested that the hearing be held on the next day or later, or that he be permitted to try to call his witnesses that afternoon. The trial court refused this request. The trial court also refused to permit the state to file its written response to the motions. The trial court then stated that the motions were submitted on the record, that he had read the defendant's memorandum, and that the motions to suppress both the statements and the physical evidence were granted. An "Order Suppressing Evidence" was signed and filed April 7, 1986. The order suppressed "all voluntary incriminating statements" and "all evidence seized." This appeal is from that order.

At this point it is both necessary and important for us to discuss the motion to suppress the physical evidence separately from the motion to suppress the appellee's statements.

### Suppression of Physical Evidence

■ Rule 16.2(b), Rules of Criminal Procedure, 17 A.R.S. clearly governs this appeal on the suppression of physical evidence. The rule, with our emphasis added, provides:

b. Burden of Proof on Pretrial Motions to Suppress Evidence. The prosecutor shall have the burden of proving, by a preponderance of the evidence, the lawfulness in all respects of the acquisition of all evidence which he will use at trial. However, whenever the defense is entitled under Rule 15 to discover the circumstances surrounding the taking of any evidence by confession, or search and seizure, or defense counsel was present at the taking, or the evidence was obtained pursuant to a valid search warrant, *the prosecutor's burden of proof shall arise only after the defendant has come forward with evidence of specific circumstances which establish a prima facie case that the evidence taken should be suppressed.*

The defendant here was entitled to discovery as defined therein and therefore had the resulting burden to go forward with evidence. He did not do this. The suppression order was entered with *no* evidence to establish even a prima facie case. Our supreme court has described what it means by evidence as follows:

Argument of counsel is not evidence. Among other things, sworn affidavits, stipulated facts, depositions, and oral testimony might be introduced to support a claim of disclosure or to counter such a claim. The record here is devoid of evidence; therefore, there is nothing before this court by which we can review the trial court's ruling nor was there anything before the trial court upon which to base its ruling.

*State v. Grounds,* 128 Ariz. 14, 15, 623 P.2d 803, 804 (1981). *See also, State ex rel. Collins v. Riddel,* 133 Ariz. 376, 651

---

**1.** The facts of the alleged crime are before us only through counsel's arguments or memoranda, a police report, and the transcript of the preliminary hearing.

**442**

P.2d 1201 (1982). We do not believe *State v. Hocker*, 113 Ariz. 450, 455, n. #1, 556 P.2d 784, 789, n. 1 (1976), overruled on other grounds, *State v. Jarzab*, 123 Ariz. 308, 599 P.2d 761 (1979), purports to define evidence as including argument or legal theory. By argument and legal theory, a defendant may persuade the trial court that based upon the evidence presented a prima facie case for suppression has been presented, but there must be evidence first. *State v. Grounds, supra. Ryan v. Superior Court*, 121 Ariz. 385, 590 P.2d 924 (1979), discussed *infra*, pertains only to a defendant's statements. It may be possible that the trial judge was imposing a sanction against the prosecutor for his tardiness and his lack of timely preparation. However, the record contains no direct evidence of this, and we will not presume that this was his motive. Even if the suppression had been imposed as a sanction, we believe it would have been much too severe and that other lesser sanctions would have been more appropriate. Accordingly, the order suppressing the physical evidence is vacated.

### Suppression of Statements

 A different result is reached, however, when the subject of a suppression is a defendant's statement. *Ryan v. Superior Court, supra*. Statements made by a defendant are prima facie involuntary. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). The burden is on the state to show that statements by a defendant were voluntary, and therefore admissible, when the defendant moves for their suppression or objects to their admission. *State v. Alvarado*, 121 Ariz. 485, 591 P.2d 973 (1979); *Ryan v. Superior Court, supra*. Any suggestion in Rule 16.2(b), Rules of Criminal Procedure, 17 A.R.S., that a defendant has any burden other than filing a timely motion or making a timely objection is specifically disapproved in *Ryan*. The difference in the application of the rule to statements as contrasted with physical evidence is straightforward. It exists because of the presumption that the statements are involuntary. No such presumption exists with reference to the search and seizure of physical evidence.

We have considered and reject any argument that the trial court abused its discretion in refusing the state a continuance and in forbidding the state to file a late response. These rulings are well within the broad discretion of the trial court and will not be reversed on appeal absent a clear showing of an abuse of that discretion.

We affirm the order suppressing the statements and vacate the order suppressing the physical evidence.

Affirmed in part; vacated in part.

LIVERMORE, P.J., and LACAGNINA, J., concur.