267 P.3d 1197

**The STATE of Arizona, Appellee,**

v.

**Pamela Lynn PETERSON, Appellant.**

**No. 2 CA–CR 2010–0309.**

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 28, 2011.

---

Thomas C. Horne, Arizona Attorney General by Kent E. Cattani and Alan L. Amann, Tucson, Attorneys for Appellee.

Isabel G. Garcia, Pima County Legal Defender by Scott A. Martin, Tucson, Attorneys for Appellant.

## OPINION

ESPINOSA, Judge.

¶ 1 After a jury trial, appellant Pamela Peterson was convicted of theft of means of transportation by control or by controlling stolen property. The trial court suspended imposition of her sentence, placing her on probation for two years and ordering restitution of $1,392. On appeal, Peterson argues the court erred in denying her motion to suppress without a hearing and in admitting certain evidence at trial over her hearsay and confrontation objections. She also challenges the restitution order. For the following reasons, we stay in part, vacate in part, and remand for further proceedings.

### Factual Background and Procedural History

¶ 2 In January 2010, Linda V. was delivering newspapers in her GMC Canyon pickup truck in Tucson. She stopped at a restaurant to make a delivery, turning off the truck's engine but leaving the keys in the ignition. When she came back outside, she saw a man opening the driver's side door. She jumped in the truck on the passenger's side and tried to grab the keys while the man attempted to start the engine. The man then displayed a weapon, and she "threw [her]self out onto the curb." At trial, she testified she did not know the man but was certain Peterson did not steal her truck.

¶ 3 Approximately two weeks later a Tucson police officer responded to a call reporting a man and woman arguing in a drugstore parking lot. Upon arrival, the officer encountered a man who identified himself as Jeffrey Peterson[1] standing beside "a newer model truck" that contained furniture and household goods. After about five minutes, Peterson came out of a store and the officer spoke to her. She explained she had been evicted and was moving her belongings; the

officer allowed her and the man to leave together in the truck.

¶ 4 As Peterson drove away with Jeffrey in the passenger seat, the officer conducted a routine check of the truck's license plate number, which indicated the truck had been stolen. The officer caught up to the truck, pulled it over, and asked Peterson to get out and sit against a wall. He asked Peterson who owned the truck, and she answered it belonged to a friend of her husband's named Linda. A detective searched the truck and found items bearing Linda V.'s name mixed among items bearing Peterson's name. After advising Peterson of her Miranda[2] rights, another detective, Eric Brown, interviewed her before arresting her and having her taken to jail.

¶ 5 Peterson was charged with theft of means of transportation by control and/or by controlling stolen property. Before trial, she moved to suppress certain statements she had made to Brown, arguing they had been taken involuntarily and in violation of Miranda. The trial court denied the motion. The jury found Peterson guilty, and she was sentenced as outlined above. We have jurisdiction over her appeal pursuant to A.R.S. §§ 12–120.21(A)(1), 13–4031, and 13–4033(A)(1), (4).

### Discussion

**Motion to Suppress**

¶ 6 Peterson argues the trial court abused its discretion "in summarily denying, without a hearing, [her] Motion to Suppress her statements made to Detective Brown."[3] We review a trial court's ruling on a motion to suppress for an abuse of discretion. See State v. Stanley, 167 Ariz. 519, 523, 809 P.2d 944, 948 (1991) (ruling on motion to suppress not disturbed on appeal absent "clear and manifest error"); see also State v. Jones, 203

---

1. At trial, the state informed the court it had discovered the man's name was actually Gary Adams. Because his identity is irrelevant to our analysis, we refer to him as Jeffrey, the name he gave to the officer who initially stopped the truck and the name used at trial.

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Peterson also argues the trial court erroneously admitted hearsay statements at trial and erred in computing the amount of her restitution. For reasons discussed below, however, we stay our consideration of these issues.

Ariz. 1, ¶ 8, 49 P.3d 273, 277 (2002) (equating clear-error standard with abuse-of-discretion standard). However, we review the court's legal conclusions de novo. *State v. Newell,* 212 Ariz. 389, ¶ 27, 132 P.3d 833, 841 (2006); *State v. Zamora,* 220 Ariz. 63, ¶ 7, 202 P.3d 528, 532 (App.2009). Peterson maintains, as she did below, that the statements she sought to suppress were taken in violation of *Miranda* and were made involuntarily. These issues are related but are legally discrete; we therefore discuss them separately. *See State v. Montes,* 136 Ariz. 491, 494, 667 P.2d 191, 194 (1983).

■ ¶ 7 Peterson first assigns error to the trial court's failure to hold a hearing before ruling on her *Miranda* motion. She contends, as she did below, that Detective Brown continued questioning her after she had invoked her right to remain silent and she subsequently made incriminating statements. In its answering brief, the state does not address the issue of whether Peterson was entitled to a hearing, but argues only that the court correctly ruled on the merits of her motion.

■ ¶ 8 "*Miranda* requires law enforcement officers, when questioning a suspect in custody about criminal activity, to inform the suspect he or she has the right to remain silent." *State v. Szpyrka,* 220 Ariz. 59, ¶ 4, 202 P.3d 524, 526 (App.2008). If the suspect indicates " '*in any manner,* at any time prior to or during questioning, that [s]he wishes to remain silent, the interrogation must cease.' " *Id.* (emphasis added in *Szpyrka* ), *quoting Miranda v. Arizona,* 384 U.S. 436, 473–74, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The test for whether a statement is a clear invocation of the right is an objective one. *Id.*

■ ¶ 9 When a defendant seeks to suppress statements on the ground they were taken in violation of *Miranda,* he or she must allege a prima facie case for suppression before being entitled to a hearing. *See* Ariz. R.Crim. P. 16.2(b). To meet this burden, a defendant need only make allegations which, if proved, would entitle him or her to suppression. *Rodriguez v. Arellano,* 194 Ariz. 211, n. 1, 979 P.2d 539, 540 n. 1 (App.1999). After the defendant has made this showing,

the burden shifts to the state to prove "the lawfulness in all respects of the acquisition of all evidence which the prosecutor will use at trial." *Id.* ¶ 7. Here, Peterson claims that, "[b]y dismissing [her] *Miranda* motion without a hearing, the trial court can only have ruled that [she] did not establish a *prima facie* case as required by Rule 16.2."

¶ 10 In her motion to suppress, Peterson cited the following exchange with Brown, who she claimed had placed her in handcuffs and read her the *Miranda* warning before interviewing her.

> Det. Brown: [ ]Okay, cause, cause he, he's saying that you guys went out. You know, you guys we[ ]re gonna get evicted. You guys were all stressed out about not being able to move your stuff. You get, decided to go use a friend's phone to, to make some phone calls and then lo[ ] and behold here you come with the truck and the keys, and he didn't question it at all whatsoever. So he assumed everything was good to go. You, you know, you said that you get the car for about a week or so when your friend was out of town. So that didn't happen? Pamela?

> Ms. Peterson: No, not exactly like that.

> Det. Brown: Okay, so how exactly did it happen? I ... would like to kind of understand how it happened. So who did you get the truck from?

> Ms. Peterson: I, I don't have anything else to say about how it all happened.

> Det. Brown: You don't have anything else to say or you don't want to say what else you have to say? So I think you know more about what's going on than what you're telling me.

Questioning continued after this exchange and, as Peterson indicated in her motion, she subsequently admitted Jeffrey had not borrowed the truck from a friend named Linda, but rather she herself had borrowed it from a neighbor named Maya, whose last name she did not know.

¶ 11 In her motion to the trial court, relying principally on *Szpyrka,* Peterson argued her statement, "I don't have anything else to say about how it all happened," was an unequivocal invocation of her right to remain

silent and the detective should have stopped questioning her at that point. 220 Ariz. 59, ¶ 6, 202 P.3d at 527 (after invocation of right to remain silent, subsequent statements may be used against defendant only if officers "scrupulously honored" right to terminate questioning). She maintained the statements she made after this alleged invocation should have been suppressed.

¶ 12 As noted above, to establish a prima facie case warranting a hearing, Peterson needed only to allege facts that, if proved, would entitle her to suppression. *Arellano*, 194 Ariz. 211, n. 1, 979 P.2d at 540 n. 1. Arizona courts have held that statements similar to Peterson's constitute an invocation of the right to silence. *See State v. Castaneda*, 150 Ariz. 382, 386, 724 P.2d 1, 5 (1986) (statement "I have nothing to say" invoked right to remain silent); *Szpyrka*, 220 Ariz. 59, ¶ 5, 202 P.3d at 526–27 (statement "I ain't got nothin' to say" unambiguous invocation of Fifth Amendment rights); *State v. Strayhand*, 184 Ariz. 571, 585, 911 P.2d 577, 591 (App.1995) (statement "Well, I don't want [to] answer anymore" clear invocation of Fifth Amendment rights); *see also State v. Finehout*, 136 Ariz. 226, 229, 665 P.2d 570, 573 (1983) (suggesting statement "I ain't going to say any more" unambiguously invoked Fifth Amendment). Thus, Peterson's argument that her right to silence was clearly invoked by her statement "I don't have anything else to say about how it all happened" is colorable under Arizona law. We therefore agree that Peterson met her burden of going forward by alleging that her statement invoked her right to remain silent, that questioning continued after this alleged invocation, and that she subsequently made incriminating statements, including that she "was the one who procured the stolen truck."

¶ 13 The trial court distinguished *Szpyrka* because in that case "the suspect made the statement immediately, and repeatedly, after the officer gave the *Miranda* warnings." But, at least for purposes of determining whether Peterson has sufficiently alleged a *Miranda* violation, it is immaterial whether she claims to have invoked the right to silence at the outset of questioning or at some point in the middle; the right can be invoked at any time. *Miranda*, 384 U.S. at 473–74, 86 S.Ct. 1602; *State v. Bible*, 104 Ariz. 346, 347–48, 452 P.2d 700, 701–02 (1969). And repeated invocation is unnecessary because once a defendant has invoked the right to terminate questioning, the state must "scrupulously honor" it. *Michigan v. Mosley*, 423 U.S. 96, 104–06, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975); *Szpyrka*, 220 Ariz. 59, ¶ 6, 202 P.3d at 527.

¶ 14 The state argues Peterson's statement was ambiguous because it "can be interpreted to indicate that [she] was willing to answer further questions or otherwise assist but simply thought she had no additional information to provide on the matter." The trial court applied a similar rationale in denying the motion, indicating there were other reasonably possible meanings behind the alleged invocation. But the argument that the circumstances surrounding Peterson's questioning may have ascribed another meaning to her statement does not undermine the fact that she met her initial burden. Rather, it may properly be raised at a suppression hearing to rebut her allegation. *See Arellano*, 194 Ariz. 211, n. 1, 979 P.2d at 540 n. 1 (motion to suppress requires only allegations; "the obligation to prove a prima facie case for suppression ... attaches at the hearing, not the motion, stage").

¶ 15 Finally, even if Peterson's alleged invocation was ambiguous, the record is insufficient to conclude that Brown's verifying query, "You don't have anything else to say or you don't want to say what else you have to say?" was a permissible clarifying question. *See Finehout*, 136 Ariz. at 229, 665 P.2d at 573 (if defendant's invocation ambiguous, officers may ask questions only to ascertain intent to invoke right to silence).[4]

---

4. The trial court relied in part on *Berghuis v. Thompkins*, ——— U.S. ———, 130 S.Ct. 2250, 176 L.Ed.2d 1098 (2010), in which the Supreme Court held a suspect's silence for two hours and forty-five minutes during questioning did not unambiguously invoke his right to remain silent. *Id.* at ———, ———, 130 S.Ct. at 2258, 2260. The Court also stated that when a suspect makes an ambiguous statement relating to the right to silence, police are not required to clarify whether the suspect wants to invoke *Miranda* rights. *Id.* at ———, 130 S.Ct. at 2259–60. However, even

Whether additional questioning is for clarification purposes or constitutes continued interrogation depends on the officer's intent and the suspect's perception. *Id.* at 230, 665 P.2d at 574. And, because there was no hearing, there is no evidence in the record to support either interpretation. Accordingly, Peterson met her burden of going forward and was entitled to a hearing.[5]

¶ 16 The trial court also denied Peterson's motion to suppress her statements on voluntariness grounds, stating in its ruling on her motion to reconsider that she had not alleged "any specific circumstances establishing a prima facie case that any statements should be suppressed as involuntary" and that "[f]urther proceedings on the issue would serve no purpose." Peterson contends, and the state concedes, that the court erred in summarily denying her voluntariness motion without a hearing.

 ¶ 17 In an exception to the general rule noted above, a defendant need not make a prima facie case for suppression on the ground of voluntariness in order to trigger the state's burden and be entitled to a hearing. *See State v. Fimbres,* 152 Ariz. 440, 441–42, 733 P.2d 637, 638–39 (App.1986). In such cases, "it is a defendant's constitutional right ... prior to the states use of a confession or admission to have a fair hearing ... on the issue of voluntariness." *Ryan v. Superior Court,* 121 Ariz. 385, 387, 590 P.2d 924, 926 (1979); *see also Jackson v. Denno,* 378 U.S. 368, 376–77, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (criminal defendants have constitutional right to hearing on voluntari-

ness before state may use confession). Thus, a defendant's statements are prima facie involuntary, and he or she need do nothing more than timely object or move for their suppression to trigger the state's burden, notwithstanding "[a]ny suggestion in Rule 16.2(b) that more is required." *Ryan,* 121 Ariz. at 387, 590 P.2d at 926; *see also State v. Emery,* 131 Ariz. 493, 498, 642 P.2d 838, 843 (1982) (accused's statements prima facie involuntary). Accordingly, because Peterson filed a timely motion challenging the voluntariness of her statements, we agree she also was entitled to a hearing on this ground. *See Fimbres,* 152 Ariz. at 442, 733 P.2d at 639.[6]

## Remedy

 ¶ 18 Peterson argues her conviction should be vacated and the case remanded for a new trial, before which the court would hold a suppression hearing. She suggests this would "put[ ] the parties in the same position they would have been in but for the error" and would preserve Peterson's right to appeal the court's ruling on remand. The question of whether a defendant's conviction should be vacated or the matter remanded for a limited hearing requires a case-by-case determination. *See State v. Simoneau,* 98 Ariz. 2, 7, 401 P.2d 404, 408 (1965). Peterson cites three cases in which our supreme court granted this remedy in the voluntariness context. *See State v. Ortiz,* 97 Ariz. 228, 231–32, 399 P.2d 171, 174 (1965); *State v. Costello,* 97 Ariz. 220, 221–22, 399 P.2d 119, 120–21 (1965); *State v. Owen,* 96 Ariz. 274, 276–77, 394 P.2d 206, 208 (1964).[7]

---

assuming the latter is not dictum and *Berghuis* is not distinguishable on its facts, we nevertheless are bound by our supreme court's holding in *Finehout,* 136 Ariz. at 229, 665 P.2d at 573, limiting continued interrogation to clarifying questions, and we have no authority to modify or disregard it. *Strayhand,* 184 Ariz. at 586, 911 P.2d at 592.

5. The state has not argued any error in this respect was harmless, *see State v. Rodriguez,* 186 Ariz. 240, 246, 921 P.2d 643, 649 (1996) (state's failure to argue harmless error concedes point), nor would we necessarily find it so given the state's burden to prove the requisite mental state. *See Montes,* 136 Ariz. at 497, 667 P.2d at 197 (constitutional error harmless only when reviewing court satisfied beyond reasonable doubt error did not impact verdict).

6. We do not address the merits of either Peterson's voluntariness or *Miranda* argument but conclude only that she met her burden of going forward and is entitled to a hearing on both issues. We leave to the trial court, as discussed below, the determination of the merits and the question of whether Brown's follow-up questions were "designed solely to clarify" Peterson's intent. *Szpyrka,* 220 Ariz. 59, ¶ 6, 202 P.3d at 527.

7. Peterson additionally cites, in violation of Rule 111(c), Rules of the Supreme Court, *State v. Lamb,* a memorandum decision in which Division One of this court considered an issue similar to that in this appeal. No. 1 CA–CR 09–0622 (memorandum decision filed June 9, 2011) (vacating conviction after erroneous denial of motion to suppress), *superseded by State v. Lamb,*

Notably, however, these cases are somewhat distinguishable in that the trial courts involved had made no finding on the issue, unlike the case here.

¶ 19 The state, on the other hand, argues we should not vacate Peterson's conviction but should instead remand for the trial court to hold a limited hearing and grant a new trial only if it concludes the statements should have been suppressed. In support of this proposed remedy, the state relies on more recent supreme court authority than that cited by Peterson. *See State v. Jessen,* 134 Ariz. 458, 461, 657 P.2d 871, 874 (1982); *State v. Tannahill,* 100 Ariz. 59, 62, 411 P.2d 166, 168 (1966); *Simoneau,* 98 Ariz. at 7, 401 P.2d at 408.[8] In each of these cases, rather than vacate the defendant's conviction, the court remanded for the limited purpose of permitting the trial court to determine the voluntariness of the statements at issue. Taking into consideration "the goals of timely administering justice and searching for the truth," *State v. Diaz,* 223 Ariz. 358, ¶ 18, 224 P.3d 174, 178 (2010), we believe a remand for limited proceedings most efficiently resolves the issues at hand and preserves Peterson's right to seek relief from the court's ruling on remand. *See generally Simoneau,* 98 Ariz. at 7, 401 P.2d at 408; *cf. Diaz,* 223 Ariz. 358, ¶ 18, 224 P.3d at 178 (appellate court may stay appeal sua sponte and remand for reconsideration of record under Rule 31.8(h)).

### Disposition

¶ 20 For the foregoing reasons, the trial court's ruling denying the motion to suppress is vacated, the matter is remanded for the limited purpose of allowing the trial court to hold a suppression hearing, and the remainder of the appeal is stayed pending the outcome of that hearing. If the trial court rules Peterson's statements were taken voluntarily and in accordance *with Miranda,* it will notify this court by causing a certified copy of its minute entry to be transmitted to the clerk

of this court. If no objection to that ruling is presented to this court within fifteen days of the ruling, the stay will be lifted, and we will consider the remaining issues on appeal.

¶ 21 If, however, the trial court finds the statements were made involuntarily or were taken in violation of *Miranda,* it is directed to enter an order granting Peterson a new trial at which the statements will be suppressed. In that event, the stayed portion of this appeal will be dismissed as moot.

CONCURRING: GARYE L. VÁSQUEZ, Presiding Judge, and VIRGINIA C. KELLY, Judge.

---

No. 1 CA–CR 09–0622, 2011 WL 3586418 (memorandum decision filed Aug. 16, 2011) (superseding previous decision without comment and conditionally affirming conviction subject to remand for suppression hearing). We have considered that decision only in determining whether to publish this one, but have otherwise disregarded

it as it has no precedential effect. *See* Ariz. R. Sup.Ct. 111(c).

8. The state makes this argument only with respect to the voluntariness issue; it argues the denial of a *Miranda* hearing was not error.