NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

FREDDIE GENE CRUZ, *Appellant.*

No. 1 CA-CR 14-0272
FILED 6-4-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR 2013-426904-001
The Honorable Carolyn K. Passamonte, Judge *Pro Tem*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

The Hopkins Law Office, P.C., Tucson
By Cedric Martin Hopkins
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Jon W. Thompson joined.

D O W N I E, Judge:

¶1        Freddie Gene Cruz appeals his convictions and sentences for possession of dangerous drugs and possession of drug paraphernalia.  He contends the superior court erred by denying his suppression motion. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

¶2        Officer Baynes stopped Cruz for riding his bicycle through an alley, using it as a thoroughfare in violation of the Phoenix City Code. Officer Baynes requested identification, which Cruz provided.  The officer asked whether Cruz was on probation or parole.  Cruz responded he was not, but stated he "had court the next day for a possession charge." Officer Baynes inquired whether Cruz had drugs in his possession, which Cruz denied.  The officer then asked whether Cruz "had any pipes, needles, or weapons," which Cruz also denied.  Officer Baynes asked Cruz for permission to search him, and Cruz consented.

¶3        The officer found a small piece of plastic in Cruz's pocket that "appeared to be used as a makeshift baggie."  Officer Baynes asked what was inside the baggie, and Cruz replied it was "cocaine or meth dust."  At that point, Cruz was arrested and read his *Miranda* rights.  After the arrest, Cruz told Officer Baynes that there was a syringe in a black bag

---

[1]        Our factual recitation is based on Cruz's motion to suppress because there was no evidentiary hearing, and the appellate record includes no written response.  Although the parties discuss testimony that was presented at trial, we do not consider that evidence because it was not before the superior court when it ruled on the suppression motion.  *Cf. State v. Spears,* 184 Ariz. 277, 284, 908 P.2d 1062, 1069 (1996) ("In reviewing the denial of a motion to suppress, this court looks only at the evidence presented to the trial court during the suppression hearing.").

on his bicycle's handlebars. The officer searched the bag and found "loose methamphetamine" and a used syringe.

¶4 Cruz was charged with one count of possession or use of dangerous drugs and one count of possession of drug paraphernalia. Prior to trial, he moved to suppress all statements made to Officer Baynes before receiving *Miranda* warnings, as well as all evidence seized as a result of those statements. The superior court denied the motion without conducting an evidentiary hearing. *Cf. State v. Peterson*, 228 Ariz. 405, 408, ¶ 9, 267 P.3d 1197, 1200 (App. 2011) (defendant must state prima facie case for suppression to be entitled to a hearing).[2]

¶5 At trial, Cruz was convicted on both counts and was sentenced to concurrent terms of 10 and 5 years in prison. He timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DICUSSION

¶6 Cruz's sole contention on appeal is that he "was in custody and asked incriminating questions without being read his *Miranda* rights." We review the trial court's denial of a motion to suppress for an abuse of discretion. *State v. Jacot*, 235 Ariz. 224, 227, ¶ 9, 330 P.3d 981, 984 (App. 2014). We defer to any factual determinations by the trial court but review its legal conclusions *de novo. State v. Olm*, 223 Ariz. 429, 432, ¶ 7, 224 P.3d 245, 248 (App. 2010).

¶7 In his suppression motion, Cruz acknowledged that Officer Baynes stopped him "for improper use of an alley as a thoroughfare," in violation of the Phoenix City Code. And Cruz concedes on appeal that "interrogation relating to one's identify or a request for identification by the police does not, by itself, constitute a Fourth Amendment seizure." He argues, though, that the permissible encounter with Officer Baynes "morphed into a seizure" when the officer sought consent to search him and, "[i]f not at that moment, then, without question . . . when Baynes actually searched" Cruz. We disagree.

---

[2] Cruz has not challenged the superior court's decision not to hold an evidentiary hearing.

¶8          "*Miranda*'s procedural safeguards apply only to custodial interrogation." *State v. Smith*, 193 Ariz. 452, 457, ¶ 18, 974 P.2d 431, 436 (1999). Police officers may generally ask questions of an individual, including requesting consent to search, without implicating Fourth Amendment seizure concerns. *See Florida v. Rodriguez*, 469 U.S. 1, 5-6 (1984); *I.N.S. v. Delgado*, 466 U.S. 210, 216 (1984) ("[P]olice questioning, by itself, is unlikely to result in a Fourth Amendment violation."); *Ohio v. Robinette*, 519 U.S. 33, 35-36 (1996) (officer conducting traffic stop may ask driver questions and seek permission to search); *State v. Teagle*, 217 Ariz. 17, 23, ¶ 23, 170 P.3d 266, 272 (App. 2007) (officer may ask questions unrelated to traffic stop); *cf. State v. Acinelli*, 191 Ariz. 66, 70, 952 P.2d 304, 308 (App. 1997) (search is not inherently non-consensual simply because officer asks permission to conduct it). *Miranda* warnings become necessary "when police have both reasonable grounds to believe that a crime has been committed and reasonable grounds to believe that the person they are questioning is the one who committed it." *State v. Pettit*, 194 Ariz. 192, 195, ¶ 15, 979 P.2d 5, 8 (App. 1998). Before that point, "[n]eutral, nonaccusatory questioning in furtherance of a proper preliminary investigation is permissible under *Miranda*." *Id.* at ¶ 16.

¶9          These legal tenets make clear that Officer Baynes did not take Cruz into custody simply by seeking permission to search him or by conducting a consensual search. It was not until Cruz advised that the makeshift baggie found on his person contained "cocaine or meth dust" that Officer Baynes had reasonable grounds to believe Cruz had committed a crime. It was at that point that the officer placed Cruz under arrest and read him *Miranda* warnings. Cruz's suppression motion did not allege force by the officer, an overt show of authority, a statement that he was not free to leave, or an edict that Cruz must submit to a search. *See, e.g.*, *United States v. Drayton*, 536 U.S. 194, 206-07 (2002) ("The Court has rejected in specific terms the suggestion that police officers must always inform citizens of their right to refuse when seeking permission to conduct a warrantless consent search."); *State v. Carter*, 145 Ariz. 101, 105-06, 700 P.2d 488, 492-93 (1985) (absence of handcuffs or demonstration of force supports determination defendant was not in custody). Under these circumstances, the court did not err by denying the suppression motion.

## CONCLUSION

¶10        We affirm Cruz's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama