NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICK EUGENE MALIN, *Appellant.*

No. 1 CA-CR 16-0189
FILED 11-29-2016

Appeal from the Superior Court in La Paz County
No. S1500CR201400171
The Honorable Samuel E. Vederman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

David Goldberg, Ft. Collins, CO
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

**G O U L D**, Judge:

¶1        Appellant Rick Malin appeals from his convictions for DUI, arguing the superior court erred by denying his motion to suppress.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND[1]

¶2        On the Fourth of July weekend of 2014, Deputy R. was assigned to a special detail in Parker, Arizona, that was tasked with traffic enforcement, "with emphasis on alcohol enforcement and seat belt restraint[s]."

¶3        On Saturday, July 5, Deputy R. was monitoring traffic on Highway 95 in Parker.  Around midnight, he saw Malin's car make a "wide sweeping turn" northbound onto Highway 95 from Lakeside Boulevard, passing from the curb lane to the inside lane without using his turn signal.  After driving past Deputy R., Malin moved into the left turn lane at Riverside Drive, again without using his turn signal.

¶4        Based on his training and experience, Deputy R. recognized that Malin's "wide sweeping turn" and failure to signal lane changes were signs of driving while impaired.  As a result, Deputy R. followed Malin and pulled him over.  When Deputy R. spoke to Malin, he admitted that he had an interlock device restriction on his license, and that he had consumed 2½ rum and cokes earlier that day.  After Malin performed poorly on several field sobriety tests, Deputy R. arrested him for driving under the influence. Malin's breath samples later showed a BAC of 0.15 and 0.147, and his blood samples revealed a BAC of between .144 to .159.

¶5        Malin was charged with two counts of aggravated driving under the influence pursuant to Arizona Revised Statutes ("A.R.S.") sections 28-1383(A)(4) and 28-1381(A)(1).  Before trial, Malin filed a motion to suppress on the grounds there was no reasonable suspicion justifying the stop.  Following an evidentiary hearing, the superior court denied Malin's motion to suppress.

---

[1]        "In reviewing a trial court's denial of a motion to suppress, we view the facts in the light most favorable to upholding its ruling." *State v. Moreno*, 236 Ariz. 347, 349, ¶ 2 (App. 2014).

**¶6** In denying Malin's motion, the court determined there was reasonable suspicion to stop Malin's vehicle on multiple grounds. First, by failing to signal his turns and lane changes, Malin violated A.R.S. §§ 28-754(A), (B). The court further found that Malin's violation of A.R.S. § 28-754 "may have affected other traffic." Second, Malin's wide turn onto Highway 95 violated A.R.S. § 28-751(1). Third, the court found that Malin's failure to signal and his wide turn provided reasonable suspicion to stop him for driving while impaired in violation of A.R.S. § 28-1381(A).

**¶7** The case proceeded to trial, and the jury found Malin guilty on both counts. Malin timely appeals.

## DISCUSSION

**¶8** On appeal, Malin challenges the court's determination there was reasonable suspicion for the traffic stop based on his alleged violation of A.R.S. §§ 28-754(A), (B). Malin does not challenge the court's other findings supporting reasonable suspicion.

**¶9** We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *State v. Peterson*, 228 Ariz. 405, 407, ¶ 6 (App. 2011) (citations omitted). We consider only the evidence before the trial court at the suppression hearing, and defer to the court's factual findings that are supported by the record and are not clearly erroneous. *State v. Estrada*, 209 Ariz. 287, 288, ¶ 2 (App. 2004). However, we review the trial court's legal conclusions de novo, including whether there was a Fourth Amendment violation. *Id.*

**¶10** An officer may conduct a traffic stop based on reasonable suspicion the defendant has violated the law. *See State v. Evans*, 237 Ariz. 231, 234, ¶ 7 (2015) (citations omitted). Reasonable suspicion for a traffic stop consists of "some minimal level of objective justification" under the totality of the circumstances, including specific reasonable inferences an officer is warranted in making in light of his training and experience. *Id.* at 234, ¶¶ 7-8. (citations omitted).

**¶11** Because Malin has not challenged the court's finding the stop was justified based on a reasonable suspicion he was driving while impaired, he has abandoned this argument on appeal. ARCAP 13(a)(6); *DeElena v. S. Pac. Co.,* 121 Ariz. 563, 572 (1979) (issues not argued on appeal are deemed abandoned). However, we have discretion to address this issue, and choose to do so, because it provides an undisputed basis to resolve this appeal. *Cf. State v. Payne,* 223 Ariz. 555, 568 n.8, ¶ 47 (App. 2009) ("'If application of a legal principle, even if not raised below, would dispose

of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue.'") (internal citations omitted); *State v. Smith*, 203 Ariz. 75, 79, ¶ 12 (2002) (appellate court may address argument otherwise waived).

**¶12** Here, the record shows there was reasonable suspicion to stop Malin for driving while impaired in violation of A.R.S. § 28-1381(A). Deputy R. observed Malin make a wide turn and repeatedly fail to signal his lane changes; both of these observations indicated to Deputy R., based on his training and experience, that Malin may have been driving while impaired by alcohol.[2] Accordingly, we find no error.

## CONCLUSION

**¶13** For the above reasons, we affirm the superior court's denial of Malin's motion to suppress.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2] Because we conclude the stop was justified based on reasonable suspicion of DUI, we need not reach the issue of whether the stop was justified based on a violation of A.R.S. § 28-751(1).