ECKERSTROM, Chief Judge:
¶ 1 Travis Turner appeals from his convictions and sentences for four counts of driving *873 under the influence ("DUI"), claiming the trial court erred in denying his motion to suppress. For the following reasons, we affirm the decision of the trial court.
Factual and Procedural Background
¶ 2 "When reviewing a trial court's denial of a motion to suppress, we review only the evidence presented at the hearing on the motion to suppress, and we view it in the light most favorable to sustaining the trial court's ruling." State v. Gay , 214 Ariz. 214, ¶ 4, 150 P.3d 787, 790 (App. 2007) (citation omitted). In November 2015, a deputy with the Pima County Sheriff's Department saw a vehicle "conduct[ ] a fairly fast turn" and ran a registration check on the vehicle. The deputy also "r[a]n the registered owner of the vehicle" and discovered that the owner, Turner, had a revoked driver license. The deputy retrieved two photographs of Turner and drove up next to the vehicle. He looked at the driver and determined that it was in fact Turner. He conducted a traffic stop, noticed that Turner displayed signs and symptoms of intoxication, conducted a DUI investigation, and ultimately arrested Turner for DUI.
¶ 3 After a bench trial, Turner was convicted of aggravated driving under the influence while license is suspended or revoked, aggravated driving with an alcohol concentration of 0.08 or more while license is suspended or revoked, aggravated driving under the influence having committed two or more prior DUI violations, and aggravated driving with an alcohol concentration of 0.08 or more having committed two or more prior DUI violations. He was sentenced to presumptive, concurrent, ten-year prison sentences for each count. This appeal followed. We have jurisdiction pursuant to A.R.S. §§ 13-4031 and 13-4033(A)(1).
Discussion
¶ 4 Turner claims the trial court erred in denying his motion to suppress because the deputy lacked reasonable suspicion that he was driving with a suspended license. Specifically, he claims the court erred in finding credible the deputy's testimony that he could see the driver of the vehicle clearly enough to determine that it was Turner. "We review a trial court's ruling on a motion to suppress for an abuse of discretion." State v. Peterson , 228 Ariz. 405, ¶ 6, 267 P.3d 1197, 1199-1200 (App. 2011). "However, we review the court's legal conclusions de novo." Id.
¶ 5 At the hearing on the motion to suppress, Turner produced testimony from a private investigator who re-enacted the stop and claimed that it would not have been possible for the deputy to see Turner clearly under the circumstances. The trial court denied the motion, finding the testimony of the deputy was credible and that he had reasonable suspicion to believe Turner was driving with a suspended or revoked license.
¶ 6 The state asserts that it does not matter whether or not the deputy could see the driver of the vehicle clearly enough to identify him as Turner-that reasonable suspicion exists to stop a vehicle when an officer discovers that the owner of the vehicle has a suspended license. We agree.
¶ 7 Reasonable suspicion "only requires that police articulate some minimal, objective justification for an investigatory detention." State v. Teagle , 217 Ariz. 17, ¶ 25, 170 P.3d 266, 272-73 (App. 2007). An officer need not "rule out the possibility of innocent explanations for the conduct." State v. Evans , 237 Ariz. 231, ¶ 11, 349 P.3d 205, 208-09 (2015). Reasonable suspicion does not require solid proof, but rather an objective basis to believe that criminal activity might be occurring sufficient to justify further investigation. It therefore exists when an officer sees a vehicle on the road and finds that the registered owner of the vehicle does not possess a valid driver license. While the possibility exists that the vehicle is being driven by someone other than the owner, who does have a valid license to drive, the officer does not have to rule out that "innocent explanation" to have reasonable suspicion. Id.[1]
¶ 8 Other jurisdictions have also come to this conclusion, and, in so doing, have *874 noted the potential public safety concerns in requiring an officer to verify that the registered owner is the current driver of the vehicle. See Armfield v. State , 918 N.E.2d 316, 321-22 (Ind. 2009) (noting safety issues involved when officer must "maneuver himself into a position to clearly observe the driver in the midst of traffic"); see also State v. Vance , 790 N.W.2d 775, 781-82 (Iowa 2010) ; State v. Arizola , 295 Neb. 477, 890 N.W.2d 770, 778-79 (2017). We likewise conclude that when an officer discovers that the registered owner of a vehicle has a suspended or revoked driver license, the officer has reasonable suspicion to stop the vehicle, and no further inquiry is required. The trial court therefore did not err in determining that reasonable suspicion existed to stop Turner and denying his motion to suppress.
Disposition
¶ 9 For the foregoing reasons, Turner's convictions and sentences are affirmed.

Of course, if there were evidence or circumstances that would lead the officer to believe that the person driving the vehicle was not the owner, reasonable suspicion would dissipate. See State v. Kinney , 225 Ariz. 550, ¶¶ 15-16, 241 P.3d 914, 920 (App. 2010).