NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DOMINIQUE DISHAWN BROWN, *Appellant.*

No. 1 CA-CR 22-0472
FILED 03-28-2024

Appeal from the Superior Court in Maricopa County
No. CR2021-001216-001
The Honorable Geoffrey H. Fish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney's Office, Tucson
By Amy M. Thorson
*Counsel for Appellee*

Dominique Dishawn Brown, Yuma
*Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which
Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

**C R U Z**, Judge:

**¶1** Dominique Dishawn Brown appeals his convictions and sentences for one count of possession of dangerous drugs and one count of possession of drug paraphernalia. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2** On February 12, 2021, Brown was walking near Baseline Road in Buckeye when a Buckeye police officer noticed him. The officer recognized Brown because he had previous contact with Brown and knew that Brown had an active warrant for his arrest. Before approaching Brown, the officer verified Brown had an active warrant, called for a backup police unit to assist with the arrest, and called his supervisor to receive approval for the arrest.

**¶3** The officer did not activate his body camera until he began to search Brown. Before the officer handcuffed Brown, the backup police unit arrived with an active body camera. About one minute of the officer's interaction with Brown was not recorded by a body camera. While conducting a search incident to arrest, the officers found methamphetamine and drug paraphernalia on Brown. Brown was charged with possession of a dangerous drug (count 1) and possession of drug paraphernalia (count 2).

**¶4** Brown represented himself at various points throughout the pre-trial proceedings but was represented by counsel at trial. Before trial, Brown filed several pro per motions, including a motion to suppress evidence and a motion to dismiss for violation of speedy trial time limits. The motion to suppress evidence was denied and no ruling on the motion to dismiss for violation of speedy trial time limits appears to be in the record.

**¶5** After a three-day trial, a jury found Brown guilty. Brown timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶6** "We will not disturb a trial court's ruling on a motion to suppress evidence absent a clear abuse of discretion." *State v. Crowley*, 202 Ariz. 80, 83, ¶ 7 (App. 2002). Arguments made for the first time on appeal are waived absent both fundamental and prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). The "question of the sufficiency of

evidence is one of law, subject to de novo review on appeal." *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).

I.    Motion to Suppress

**¶7**        Brown argues the superior court erred when it denied his motion to suppress the methamphetamine and paraphernalia. Specifically, Brown argues the officer violated Brown's reasonable expectation of privacy under the Fourth Amendment to the United States Constitution when he used the law enforcement database to determine whether there was an active warrant for Brown's arrest.

**¶8**        The Fourth Amendment provides for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . ." U.S. Const. amend. IV. "A 'search' under the Fourth Amendment occurs when an individual's reasonable expectation of privacy is infringed." *State v. Peltz*, 242 Ariz. 23, 30, ¶ 25 (App. 2017). Individuals do not have privacy interests in the information contained in criminal history databases. *See Eagle v. Morgan*, 88 F.3d 620, 627-28 (8th Cir. 1996).

**¶9**        The officer used a law enforcement database to search for Brown's name. Brown does not have a reasonable expectation of privacy in law enforcement databases. *See id.* The superior court did not abuse its discretion when it denied the motion to suppress.

**¶10**        Brown further argues that "[i]t was unfair for Brown not to have received an evidentiary hearing" on the admissibility of the evidence. But Brown had to first make a prima facie case for suppression before being entitled to a hearing. *See* Ariz. R. Crim. P. 16.2(b)(2); *State v. Peterson*, 228 Ariz. 405, 408, ¶ 9 (App. 2011). To make a prima facie case, "a defendant need only make allegations which, if proved, would entitle him or her to suppression." *Id.* In his motion, Brown did not make a prima facie case for suppression because he only disputed whether the officer had violated his Fourth Amendment rights when he searched for Brown's name in the law enforcement database. The superior court did not abuse its discretion when it did not hold an evidentiary hearing on Brown's motion to suppress.

**¶11**        Brown also argues the search of his person "exceeded that which is permitted by *Terry v. Ohio*." Because Brown makes this argument for the first time on appeal, it is waived absent fundamental and prejudicial error. *See Escalante*, 245 Ariz. at 140, ¶ 12. Brown has not shown error because the search conducted during his arrest was not a pat-down search as authorized by *Terry v. Ohio*, 392 U.S. 1 (1968). The search was a search

incident to a lawful arrest. "[I]incident to an arrest, a police officer may search the arrestee and the area within his immediate control in order to ensure the absence of weapons and prevent the destruction or concealment of evidence." *State v. Lopez*, 198 Ariz. 420, 422, ¶ 10 (App. 2000). Brown was arrested pursuant to a valid warrant and the search of his person was performed incident to his arrest.

## II.    Body Camera Footage

**¶12**        For the first time on appeal, Brown argues the officer's failure to turn on his body camera immediately resulted in a due process violation. Absent fundamental and prejudicial error, Brown has waived this argument. *See Escalante*, 245 Ariz. at 140, ¶ 12.

**¶13**        If a defendant cannot show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *State v. Turner*, 251 Ariz. 217, 221, ¶ 11 (App. 2021) (citations and internal quotation marks omitted). "Absent bad faith on the part of the officers, due process is violated only when the evidence possessed an obvious exculpatory value and is of such a nature that the defendant would not be able to obtain comparable evidence by other reasonable means." *Id.*

**¶14**        Brown fails to show the officer was acting in bad faith. The only evidence presented was that the officer forgot to turn on his body camera, and a short time passed before he turned it on. "[B]rief and inadvertent failures [to turn on body cameras are] at worse negligent, not rising to the level of bad faith." *Id.* at 222, ¶ 17.

**¶15**        Brown also fails to show that the footage had an obvious exculpatory value. Brown only speculates the body camera footage "would have proved or disproved if the officer did or didn't" plant the drugs and paraphernalia. Speculation is insufficient to support the argument the missing footage had an obvious exculpatory value. *See id.*

## III.    Right to Speedy Trial

**¶16**        Brown argues the superior court erred when it denied his motion to dismiss for an Arizona Rule of Criminal Procedure ("Rule") 8 violation. No ruling on the motion appears to be in the record, but "when a court fails to expressly rule on a motion, we deem it denied." *State v. Mendoza-Tapia*, 229 Ariz. 224, 231, ¶ 22 (App. 2012).

¶17      Brown argues the violation occurred when he was representing himself, during a June 2021 hearing, at which he did not appear. Brown alleges his trial date was moved to November 2021 during the June hearing, violating his right to a speedy trial. But the State and Brown filed an initial pretrial statement on May 6, 2021, waiving Brown's Rule 8 time limits. The statement noted Brown had three cases pending and agreed "to align all last days to the case listed above with the latest last day and align all hearing dates." The pretrial statement also stated, "Defendant agrees to waive Rule 8 time on all pending cases (to the extent necessary) to allow for last days to be aligned." Brown's attorney at the time signed this pretrial statement.

¶18      Brown waived his Rule 8 time limits prior to the June 2021 hearing. *See State v. Zuck*, 134 Ariz. 509, 515 (1982)("Rule 8.2 does not grant [a defendant] any fundamental right which cannot be waived by his counsel."). The superior court did not abuse its discretion when it denied Brown's motion to dismiss for a Rule 8 violation.

IV.    Fair Trial

¶19      For the first time on appeal, Brown argues his right to a fair trial was violated because he could not answer a juror's question about whether he had been read his Miranda rights. Brown contends he was not read his Miranda rights and the jury was told about statements he made during his arrest.

¶20      Brown has waived this argument absent fundamental and prejudicial error. *See Escalante*, 245 Ariz. at 140, ¶ 12. After Brown testified, the jury submitted a question asking if Brown had been read his Miranda rights. The superior court did not ask the question after a discussion with the prosecutor and defense counsel. During the discussion, the prosecutor stated Brown had been read his rights but did not want Brown to say that he had invoked his right to remain silent. Defense counsel agreed not to ask the question, stating he did not want to invite error. Through trial counsel, Brown waived any objection and has, therefore, not shown fundamental error.

V.    Insufficient Evidence

¶21      Brown was charged with violating A.R.S. § 13-3407(A)(1). The statute states, "[a] person shall not knowingly [p]ossess or use a dangerous drug." Section 13-3401(6)(c)(xxxviii) defines "dangerous drug" to include methamphetamine. Brown argues insufficient evidence was presented because the State did not show there was a usable quantity. But,

"[a] 'usable quantity' is neither an element of the possession offense nor necessary to sustain a conviction for it." *State v. Cheramie*, 218 Ariz. 447, 451, ¶ 21 (2008).

**¶22** The jury was instructed the crime of possession of a dangerous drug requires proof that:

    1. The defendant knowingly possessed a dangerous drug
       *and*

    2. The substance was in fact a dangerous drug to wit: methamphetamine.

The arresting officer testified to finding methamphetamine on Brown's person and that Brown squirmed away from him during the search. Body camera footage was submitted showing the incident. A forensic scientist testified that the item found on Brown was methamphetamine. It is the role of the jury to judge witness credibility and weigh evidence. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004). "To set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis . . . is there sufficient evidence to support the conclusion reached by the jury." *State v. Arredondo*, 155 Ariz. 314, 316 (1987). Brown has failed to show the evidence was insufficient to support the verdict.

VI.    Jury Selection Violation

**¶23** Brown argues the jury selection process denied him a "trial before an impartial jury drawn from a representative cross-section of the community." Because Brown did not make this challenge to the panel as a whole before the examination of any individual prospective juror, this argument is waived absent fundamental error. *See* Ariz. R. Crim. P. 18.4(a); *State v. Stokley*, 182 Ariz. 505, 514 (1995). Brown fails to show error because using voter registration lists and driver's license records to create the list of potential jurors does not result in the exclusion of cognizable groups from the jury venire. *See State v. Dogan*, 150 Ariz. 595, 599 (App. 1986).

**CONCLUSION**

**¶24** We affirm.

